By the Court.

This was a mere parole submission, and it was competent to the parties to alter the terms of it, and to enlarge the power of the arbitrators. Any alterations may be made by these last, before the time expires which is limited in the submission for making and publishing their award, and before it is delivered to the parties. And after it is delivered, if the parties so agree, they may open the subject for reconsideration; as a report of referees *374 under the statute (2), or under a rule of court; which may be done for the correction of mistakes, or for a new hearing of the parties. [ * 461 ] *In the case before us, the object of the referees was to explain doubtful matter in their award. In a court of chancery, an award under such circumstances would be set aside or amended. Such a procedure is perhaps attended with great difficulties, without the consent of the parties to the submission. Here there was such consent, before the alteration was made, and an expression of satisfaction afterwards. The explanatory paper, therefore, became part of the award, and the whole is to be taken together as making one award. The plaintiff never tendered an indenture to the defendants, conformable to the award as finally made; there was, therefore, no breach of promise on the part of the defendants. Whether the defendants have done enough to entitle them to an action against the plaintiff, for not fulfilling the award, is a question not now before us.

Costs for the defendants

 Stat. 1786, e. 21.