## HENRY B. BLACKWELL *vs.* ABEL GOSS.

Suffolk. Nov. 12. — Dec. 11, 1874. WELLS & DEVENS, JJ., absent.

Upon an oral submission to arbitration, parol evidence is competent to show what was in controversy, and submitted to the referee.

A. bought a horse of B., and paid him for it, and, not being satisfied with the horse, returned it to B., who agreed to give him another. The horse died while in B.'s

possession. The parties then agreed to submit to arbitration two questions, who was the owner of the horse at the time of its death, and what would be a fair adjustment of the loss occasioned by the death of the horse between the parties. The arbitrators found that B. should pay A. a certain amount. *Held,* that the award was binding.

CONTRACT upon the following award in writing and signed by the arbitrators : " The undersigned, to whom was referred a matter of difference of opinion between Henry B. Blackwell and Abel Goss, in relation to the ownership of a horse, owned at different times by each of the parties, after a full consideration of the facts in the case, made this award : that Goss shall pay to Blackwell the sum of $140 in cash."

At the trial in the Superior Court, before *Putnam*, J., without a jury, the plaintiff offered evidence of the execution of the award and put it in the case. He then offered to show by his own testimony and that of the referees that the submission was an oral one, and to show what the parties agreed should be submitted to the referees. The defendant objected to the admission of such evidence, but it was admitted, subject to the defendant's exception. Upon this evidence, the judge found the following facts :

The plaintiff purchased of the defendant a horse for which he paid him $200 in cash; and not being satisfied with the horse, returned it to the defendant, who agreed to give him another horse, when he should have one which he thought would satisfy the plaintiff, and, while thus in the defendant's possession, the horse died. A dispute then arose between them as to the ownership of the horse at the time of its death, and which of them should bear the loss. They thereupon agreed to submit to the referees these questions : 1. Who was the owner of the horse at the time of his death ? and 2. What was a fair and equitable adjustment between them of the loss thus occasioned ? The referees determined both of these questions submitted to them, and rendered the award in question.

Upon this evidence, the judge found for the plaintiff in the sum of $147, the amount which the referees found that the defendant should pay to the plaintiff, with interest from the date of the writ, and the defendant alleged exceptions.

*C. P. Hinds*, for the defendant.

*H. G. Parker*, for the plaintiff.

AMES, J.   This is a case in which an oral submission would be binding.   Of course in such a case parol evidence must be admissible for the purpose of showing what it was that was submitted. *Homes* v. *Aery*, 12 Mass. 134.   *Eveleth* v. *Chase*, 17 Mass. 458. *Cook* v. *Jaques*, 15 Gray, 59.   *Byam* v. *Robbins*, 6 Allen, 63. Otherwise it could hardly be an oral submission.   It must be taken as shown therefore by competent evidence that the horse which the plaintiff had bought and paid for had been returned to the seller, the defendant, who agreed to furnish another that should be satisfactory.   The horse so returned having died before the proposed substitute had been furnished, the controversy arose that was submitted to arbitration.   The plaintiff's claim must have been that upon the return of the horse it became the defendant's property, and that its death was the defendant's loss, leaving the plaintiff in the position of an intending purchaser who had paid for an article of property which he had not yet received.   The award does not in terms answer the question as to the ownership of the horse at the time of its death, but in substance and effect it answers it by sustaining the plaintiff's claim. An award in favor of the plaintiff can have no other meaning than that the horse at the time of its death was the property of the defendant; and that as the defendant had been paid for a horse not yet delivered he was equitably indebted to the plaintiff.

We see no cause for the objection that the award did not conform to the submission, or failed to include all that was submitted.                                   *Exceptions overruled.*