No. 1,232.

## FARGO ET AL. *v.* REIGHARD.

ARBITRATION.—*Award.*—*Notice.*—When an agreement for submission to arbitration does not provide that notice of the award shall be given to the parties no notice is required.

SAME.—*Agreement to Submit.*—*Rule of Court of Record.*—An agreement to submit differences to arbitration must provide that the submission thereof shall be made a rule of some court of record, which shall be designated in the agreement.

SAME.— *Arbitrators.— Limitation of Power to Act.*— Arbitrators have power to act until an award has been made upon the matters submitted to them.

SAME.—*Award, What Does Not Amount To.*—*Subsequent Proceedings and Award.*—Where an agreement to submit to arbitration limited the arbitrators to the consideration of R.'s interest in a land contract, a finding of the value of the property did not amount to an award of the matters submitted, and the arbitrators may afterwards pass upon R.'s interest therein exclusive of incumbrances.

From the LaPorte Circuit Court.

*F. E. Osborn*, for appellants.

*W. B. Biddle*, for appellee.

Ross, C. J.—The appellants filed their complaint in three paragraphs against the appellee, to which the appellee filed an answer in four paragraphs and also a counterclaim in three paragraphs. To the affirmative answers appellant filed a reply. Demurrers were filed by appellant to the affirmative answers, and by the appellee to the affirmative reply. The first and second errors assigned in this court relate to the rulings on these demurrers, but inasmuch as counsel expressly waive the consideration of these rulings it will be unnecessary to set out the pleadings, which are very voluminous. The facts are in substance as follows: On the 11th day of

July, 1885, and for many years prior thereto, the appellants, Charles H. Fargo, Charles E. Fargo, Samuel M. Fargo, and Frank M. Fargo, were partners, engaged in the wholesale boot and shoe business, in Chicago, Illinois, under the name and style of C. H. Fargo & Co., and the appellee was a retail dealer in the same class of goods, and was located and doing business at Attica, Kansas. Previous to July 11, 1885, appellee had become indebted to the appellants for goods purchased of them, and on that day a settlement was had and reduced to writing, as follows :

"This agreement, made and entered into on this 11th day of July, A. D. 1885, by and between C. H. Fargo & Co., of Chicago, Illinois, by their agent, T. F. Byrnes, and J. D. Reighard, of Attica, Harper County, Kansas, witnesseth :

"1.    That the accounts of said parties, one against the other, for all transactions up to and including this date, shall be settled, and are hereby settled upon the following terms, to-wit :

"In consideration of the account of said Fargo & Co. against said Reighard for three hundred forty-seven and seventy-two-hundredth dollars ($347.72) and its cancellation, the said Reighard turns over, assigns and delivers to said T. F. Byrnes, agent for said Fargo & Co., one promissory note, dated July 1, 1885, and payable nine months from date, made and delivered by R. B. Burns and C. A. Morse to M. E. Reighard, wife of said J. D. Reighard, the principal sum of which note is four hundred dollars, and bears interest at the rate of ten per cent. from said date, July 1, 1885.

"2.    It is expressly agreed and understood as a further consideration of this settlement that said Fargo & Co. shall select and appoint one disinterested person within thirty days from the date hereof and notify said

Fargo *et al. v.* Reighard.

Reighard of such appointment within five days thereafter, and that said Reighard shall select a like person within sixty days from the date hereof and notify said Fargo & Co. within five days thereafter, and the two persons thus selected and appointed shall, within ten days after the time thus set for their appointment, select a third disinterested person, and the three persons thus selected and appointed shall constitute a board of arbitrators, to whom shall be submitted the question of the value of a certain land contract, assigned by said Reighard to said Fargo & Co., relating to the Calumet Dock Company, which said valuation shall relate back to January 9, 1885 ; and it is further agreed that if said arbitrators shall fix a greater value upon said contract from said date than fourteen hundred twenty-one and twenty-two-hundredths dollars, the difference between said last-named sum and said valuations, which said arbitrators shall fix upon said contract of said date of January 9, 1885, together with fifty-two and twenty-eight-hundredths dollars, the difference between said account and said note when paid, shall be paid by Fargo & Co. to M. E. Reighard or her order, on demand, and if said arbitrators shall fix a less valuation upon said contract, then said sum of fourteen hundred twenty-one and twenty-eight-hundredths dollars, the difference between said sum and said valuation of said arbitrators shall be paid by said Reighard to said Fargo & Co., on demand, provided that when said last-named difference is ascertained by said arbitrators there shall be set over against it the said sum of fifty-two and twenty-eight-hundredths dollars, and if said difference exceeds said last-named sum the excess only shall be paid by said Reighard, but if said excess is smaller then said sum of fifty-two and twenty-eight-

hundredths dollars, said last-named excess, shall be paid by said Fargo & Co. to said Reighard.

"3.    It is further agreed that said note above referred to, together with this contract, shall be deposited by said T. F. Byrnes, agent as aforesaid, in the banking-house of Slayback, Ranklin & Nelson, at Attica, Kansas.

"Dated at Attica, Kansas, July 11, 1885.

"C. H. FARGO & CO.

"By T. W. BYRNES, Agent."

Afterwards appellants and appellee each selected an arbitrator, and the two thus selected chose a third, as provided in the agreement.   On the 17th day of September, 1885, the arbitrators made out, signed and were sworn to the following statement, viz.:

"Whereas, Matters in controversy between C. H. Fargo & Co., of Chicago, Illinois, and J. D. Reighard were by them submitted to the undersigned, Francis Mayo, Louis A. Frey and George K. Edwards, said Francis Mayo being appointed by the said J. D. Reighard, the said Louis Frey appointed by the said C. H. Fargo & Co., and the said George K. Edwards being appointed by said Mayo and Frey, as by agreement of the said C. H. Fargo & Co. and said Reighard, to examine and appraise the following described real estate, to-wit:

"Lots thirty-four (34) and thirty-five (35), in block fifty-eight (58), in that certain subdivision made by the Calumet and Chicago Canal and Dock Company, in sections five (5) and six (6), town. thirty-seven north, range fifteen east, third p. m., together with the building and other improvements thereon.

"Now, therefore, we, the arbitrators aforesaid, having been first duly sworn according to law, and having examined the aforesaid property, do hereby make this

award in writing ; that is to say, we, the said arbitrators, after having examined and appraised the aforesaid property, do decide and determine that the above described property was of the value of seventeen hundred ($1,700.00) dollars on the 5th day of January, A. D. 1885.

"In witness whereof, we have hereunto subscribed our hands this 17th day of September, 1885, and placed our seals.

"FRANCIS MAYO (Seal).

"LOUIS A. FREY (Seal).

"GEO. K. EDWARDS (Seal).

"Subscribed and sworn to before me, this 17th day of September, 1885.

"(Seal) FRANK MCWINNIE, Notary Public."

Afterwards, to-wit, on the 13th day of October, the arbitrators made, upon the same paper with the above statement, the following additional statement, viz. :

"The above arbitration and award made to determine the value of a certain land contract on the above described premises, issued by the Calumet and Chicago Canal and Dock Company to J. D. Reighard, and by him assigned to C. H. Fargo on January 9, 1885. We find the gross value of said contract on said January 9, 1885, to have been seventeen hundred ($1,700.00) dollars, subject to the following incumbrances : Amount unpaid on said contract, as shown by Reighard's notes to the Calumet and Chicago Canal and Dock Company, nine hundred ($900.00) dollars; interest on said notes from April 23, 1884, date of said contract, to January 9, 1885, the time of finding the valuation of said contract, thirty-nine ($39.00) dollars, and taxes eight and ninety-hundredths ($8.90) dollars, making the total incumbrance nine hundred forty-seven and ninety-hundredths ($947.90) dollars, and making the value of said contract

on the 9th day of January, 1885, seven hundred fifty-two and ten-hundredths ($752.10) dollars.

"In witness whereof, we have hereunto set our hands and seals this 13th day of October, A. D. 1885.

"FRANCIS MAYO (Seal).

"LOUIS A. FREY (Seal).

"GEO. K. EDWARDS (Seal).

"Subscribed and sworn to before me, this 13th day of October, 1885.

"(Seal) FRANK MCWINNIE, Notary Public."

The arbitrators then delivered the award, as amended, to the appellants. There is some controversy as to when appellee received notice of the award, but that is immaterial if, as appellants contend, he refused to abide the award.

The third error assigned calls in question the ruling of the court on appellants' motion for a new trial. The third reason, for which a new trial was asked, was that the court erred in refusing to admit in evidence on the trial the award of the arbitrators as amended by the statement signed October 13, 1885, and this presents the material question urged on this appeal.

We have in this state a statute concerning the settlement of controversies existing between parties which might be the subject of a suit at law by arbitration. Sections 842–867, R. S. 1894. But in order to come within the purview of the statute an agreement to submit differences to arbitration must provide that the submission thereof to arbitration shall be made a rule of some court of record, which shall be designated in such agreement, which must be in writing. *Boots* v. *Canine*, 94 Ind. 408.

The agreement entered into between appellants and appellee does not meet the requirements of our statute,

hence we must consider it in the light of an agreement to submit to arbitration under the common law.

Judge Sharswood, in his Commentaries on the Common Law, book 3, chapter 1, section 2, says: "Arbitration is where the parties injuring and injured submit all matters in dispute, concerning any personal chattels or personal wrong, to the judgment of two or more arbitrators, who are to decide the controversy.  *  *  *  *  *  *  This decision is called an award. And thereby the question is as fully determined and the right transferred or settled as it could have been by the agreement of the parties or the judgment of a court of justice."

And under the common law it is unnecessary to serve a copy of the award on the parties to the arbitration. *Carson* v. *Earlywine*, 14 Ind. 256 ; *Boots* v. *Canine*, *supra.*

When the agreement for submission to arbitration, such as the one under consideration, does not provide that notice of the award shall be given to the parties, no notice is required, for they are bound to take notice thereof. *Russell* v. *Smith*, 87 Ind. 457.

The agreement to submit to arbitration made by these parties is not for the purpose of ascertaining the value of the property described in the land contract which appellee assigned to appellants, but to determine the value of the appellee's interest in the contract, and when the arbitrators had fixed upon a value, appellee was to have a credit on his indebtedness to appellants to that amount, and if his interest was ascertained to be worth more than such indebtedness, appellants were to pay the appellee the excess. In this view of what was submitted to arbitration, we are lead to determine first whether or not the statement made by the arbitrators and dated September 17, 1885, is an award of the questions sub-

mitted to them, for if it is not it cannot be considered. The language used by the arbitrators should be fairly and liberally construed, and if it can reasonably be construed to mean that appellee's interest in the contract was worth $1,700 the court must uphold it. The language used is that to the arbitrators shall be submitted "the question of the value of a certain land contract assigned by said Reighard to said Fargo & Co." If this language is to be applied to the ascertaining of the value of the land, is such value to be determined irrespective of the incumbrances, or is it to be less such incumbrances? The value of appellee's interest in the contract is not necessarily the value of the land, for there may be incumbrances equal to its value, but his interest could in no event exceed the value of the real estate less the incumbrances. By their statement of September 17, 1885, the arbitrators simply ascertain and state the value of the real estate to be $1,700, but whether that is the value free from incumbrances or subject thereto is not stated. The natural import of the language is that that is its value free from all incumbrances. Neither do the arbitrators certify that the real estate is free from incumbrances. Had they done so the contention of appellee's counsel might be tenable, but not having done so the court cannot say that this statement was an award embracing the subject-matter of the agreement for arbitration. Taking the original statement made by the arbitrators, September 17, 1885, together with that made October 13, 1885, we have a complete award defining appellee's interest in the land contract to be $752.10. For this amount appellee was entitled to credit and no more. Taken by itself the first statement made did not constitute an award, and the powers of the arbitrators did not cease until an award had been made.

The court therefore erred in excluding this part of the award. Without this latter statement, which is in fact the award, no value had been placed upon the appellee's interest in the contract, except the value placed upon the land itself be considered sufficient, which we think cannot be. Therefore the finding of the court is not sustained by sufficient evidence.

Judgment reversed, with instructions to grant appellants a new trial.

Filed February 20, 1895.

### ON PETITION FOR A REHEARING.

Ross, J.—Counsel for appellees asks a rehearing, and in argument assumes that it was held by the court in the original opinion that the arbitrators had a right, after their award had been made, to change it or to withdraw it and make another without a new submission by the parties.

Possibly the language used in the opinion does not leave this question free from doubt as to what we intended to hold, and for that reason we reaffirm that if the statement made by the arbitrators September 17, 1885, was an award under the agreement of submission, although defective, it would nevertheless exhaust their powers, and could not be changed or withdrawn by them except upon a resubmission.

We do not question the correctness of the decisions on the many cases cited by the learned counsel, wherein it is held that when the arbitrators have made an award upon the question submitted to them they have no further power to act, even though their award is defective. But until an award has been made upon the matters submitted to them they have power to act.

The agreement of submission under consideration empowered the arbitrators to ascertain and state ap-

pellee's interest in a land contract, which it was apparently conceded did not amount to an ownership of the property. This interest did not equal the value of the property for the reason that the property was incumbered. The agreement limited the power of the arbitrators to the consideration and determination of the appellee's interest therein. That was the power granted them. Any statement made or value fixed touching any matter not submitted to them was not binding either upon them or the parties. This is the view we take of the statement made September 17. It was not an award of and concerning the subject-matter submitted to them, hence had no binding force or effect.

Petition overruled.

Filed June 13, 1895.