THE PEOPLE OF THE STATE OF NEW YORK ex rel. CRANFORD COMPANY, Respondent, v. WILLIAM R. WILLCOX et al., as Public Service Commissioners for the First District of the State of New York, Appellants.

*People ex rel. Cranford Co.* v. *Willcox*, 153 App. Div. 759, modified.

(Argued February 24, 1913; decided March 4, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 20, 1912, which reversed an order of Special Term denying a motion for a peremptory writ of mandamus to compel the defendants to certify to the comptroller of the city of New York for payment the amount

of an award made on arbitration of a claim for extra work alleged to have been performed under a contract with said city.

*Henry H. Whitman* and *George S. Coleman* for appellants.

*Edward M. Grout* and *James F. McKinney* for respondent.

*Per Curiam.* The questions raised by the appellants are very satisfactorily discussed in the opinion of the Appellate Division with a single exception and that relates to the allowance of interest upon the award. We think the allowance of such interest was not justified either by the terms of the submission or by the character of the relator's claim. There is no reference to the subject of interest in the agreement for submission to arbitration, nor is there anything in the language of the agreement from which an intent to submit the question of interest may be fairly implied. The character of the relator's claim also negatives the suggestion that it is one upon which interest may be awarded either as a liquidated demand or one capable of liquidation by mere computation. It was for extra work and by the very terms of the contract the question was first to be determined whether the relator had done any extra work before the amount of its compensation therefor could be fixed by arbitration. Under these circumstances there was no liquidated claim until the amount was fixed by the award.

The order should, therefore, be modified by directing that the writ require the certification of the amount of the award, but without interest up to the time of the final award, and as thus modified affirmed, without costs to either party.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, HISCOCK, CHASE, COLLIN and HOGAN, JJ., concur.

Ordered accordingly.