HENRY T. DYKMAN, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

First Department, July 11, 1918.

Attorney and client — municipal corporations — action by attorney against city of New York upon quantum meruit for services and disbursements in condemnation proceedings — right to interest — right of defendant to introduce proof of expenses — evidence insufficient to sustain certain items of recovery — evidence as to value of services.

Where in an action by an attorney at law to recover from the city of New York upon a *quantum meruit* for disbursements and the value of services in condemnation proceedings taken pursuant to the provisions of chapter 724 of the Laws of 1905, the value of the services are so uncertain and depend upon so many uncertain elements that it cannot be said that such value is ascertainable by any recognized standards, interest is not recoverable upon the claim for services, but may be allowed upon the amount of disbursements, as the comptroller had the right to examine the plaintiff after the presentation of his claim, and could then have ascertained and paid for the disbursements incurred.

As the plaintiff claims that all his time was devoted to the work for the city for a period of six years, and that he employed lawyers, accountants, searchers and others to assist him in the proceedings, it was error to refuse to allow the defendant to make proof of the necessary expenses incident to the work.

Upon certain items of recovery challenged by the defendant, the judgment is without sufficient evidence to support it.

The plaintiff properly brought the action upon a *quantum meruit* and not upon an indefinite contract sworn to by him, consisting of a conversation with the corporation counsel to the effect that he was to be paid at the

rate at which he had been paid in other similar proceedings which he had conducted in behalf of the city, which conversation was denied by the corporation counsel.

If such conversation were had, the nature of former proceedings claimed to be similar which had been taken by the plaintiff for the city, and the compensation paid therefor, was properly shown as bearing upon the question of the value of the services herein rendered, but it is not determinative of the extent of plaintiff's right of recovery.

The valuation of the plaintiff's services at about five per cent of the amount recovered against the city or at about five per cent of the reduction of the claims presented, is not a proper basis of compensation, although the amount involved and the result of the proceedings are proper elements of value.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 21st day of May, 1917, upon the decision of the court after a trial by consent before a judge without a jury in Westchester county.

The judgment was in the sum of $204,347.20.

*John F. O'Brien* of counsel [*Terence Farley* and *John F. Collins* with him on the brief; *William P. Burr, Corporation Counsel*], for the appellant.

*Francis M. Scott* of counsel [*John M. Digney* with him on the brief; *Cullen & Dykman*, attorneys], for the respondent.

SMITH, J.:

The action was tried by consent before a judge without a jury in Westchester county. Judgment, however, was entered by consent in New York county and it is from this judgment that this appeal is taken. The plaintiff is an attorney at law, residing in White Plains, Westchester county. He was retained by the corporation counsel of the city of New York to have full charge of condemnation proceedings taken pursuant to the provisions of chapter 724 of the Laws of 1905, which act assumed to provide for the building of a reservoir and collecting waters from counties other than Westchester and Putnam, for the use of the city. In the fall of 1906 the plaintiff was sent for by the corporation counsel and given the sole charge of the aqueduct proceedings

under the Laws of 1905 and he was directed to start proceedings, which he did, and to conduct them to a determination. In the complaint is alleged six causes of action to recover upon a *quantum meruit* for disbursements and the value of the services rendered pursuant to such authorization. The plaintiff recovered a judgment of $179,944.69, to which was afterwards added interest to the amount of $24,322.51, making a total of $204,347.20. The recovery has been for services rendered in different proceedings in connection with said aqueduct and for moneys disbursed in those proceedings.

Upon this appeal the defendant challenges the judgment in three particulars: *First*, it challenges the right of the plaintiff to recover interest upon his claim from the commencement of the action, which was allowed to the plaintiff by the trial court. *Second*, it challenges the allowance of $47,000 for preparation and trial of claims before the commissioners in what is known as the Hillview proceedings, sections 1 and 2 (4th cause of action). *Third*, it challenges the recovery of $87,000 for preparation and trial of claims before the commissioners in what is known as the Kensico proceedings, sections 3, 4, 5, 6, 7, 11 and 12 (5th cause of action).

Upon the defendant's first challenge, we are unable to find any right of the plaintiff to interest upon the claim. The plaintiff has chosen to base his complaint upon a *quantum meruit*. Whether upon contract, however, or upon *quantum meruit*, the value of the services are so uncertain and depend upon so many uncertain elements that it cannot be said that such value is ascertainable by any recognized standards of value. Within the authorities, therefore, we are of opinion that interest was not recoverable. (*People ex rel. Cranford Co. v. Willcox*, 207 N. Y. 743; *Faber* v. *City of New York*, 222 id. 255.) Upon the amount of the disbursements, however, interest was properly allowed. The comptroller had the right to examine the plaintiff after the presentation of his claim, which right he exercised, and he could then have ascertained and paid plaintiff for his disbursements incurred.

The defendant's objection to the plaintiff's recovery upon the 4th and 5th causes of action rests upon similar grounds, to wit, the inadequacy of the proof to sustain the conclusions

of the trial judge. It is claimed and several times repeated in the respondent's brief and is stated in the opinion of the trial judge that the plaintiff seeks to recover not only for his personal services but for " professional work done by several practicing lawyers who were in the plaintiff's employ," and the opinion further reads, " and besides, a large office force and a well equipped office and capable assistants, searching titles and making investigations, etc., were maintained and employed during the entire period." These facts are all pertinent facts in determining the value of the plaintiff's services and the proper compensation to be allowed therefor. But because they are pertinent facts to be considered, the defendant should have been allowed to make inquiry as to the cost to the plaintiff of the assistance thus obtained and of the maintenance of this office force during the time in which the plaintiff was conducting these proceedings. It is not the case of a single proceeding, or more, picked out from among other proceedings which the attorney was conducting for other clients. For six years, from 1907 to 1913, plaintiff claims that all his time was devoted to this work of the city. All of these assistants, both lawyers and accountants and searchers and office force, were engaged upon these proceedings, for which the plaintiff has here recovered. It is most important, therefore, in order to ascertain what shall be a proper compensation to the plaintiff that proof be made of the necessary expenses incident to that work, and material error was, I think, committed by the trial judge in refusing to allow the defendant to make proof of the amount of those expenses.

Again, the court is of opinion that upon the items of recovery challenged, the judgment is without sufficient evidence to support it. The plaintiff swears to a conversation with the corporation counsel when he was first employed, to the effect that he was to be paid at the rate at which he had been paid in other similar proceedings which he had conducted theretofore in behalf of the city. The corporation counsel denied any recollection of this conversation. But no recovery could be allowed in this case on any such contract, even if such a contract was made, because of its indefiniteness. Upon the proof of the plaintiff himself, these proceedings cannot be

classified as similar, one to the other, with any proceedings which he had conducted on behalf of the city theretofore. Each proceeding was to an extent unique in itself. The proceedings differed materially from proceedings theretofore conducted, in the objects sought to be attained, in the method and amount of proof necessary therefor, in the amounts involved, and in the large number of proceedings required to be taken under the plaintiff's retainer, which are all recognized factors in ascertaining what shall be a proper compensation to an attorney. The plaintiff properly brought this action upon a *quantum meruit* and not upon the indefinite contract sworn to. If such conversation were had between the plaintiff and the corporation counsel, the nature of former proceedings claimed to be similar which had been taken by the plaintiff for the city and the compensation paid therefor was properly shown as bearing upon the question of the value of the services herein rendered, but it is not determinative of the extent of plaintiff's right of recovery. The judgment can only rest upon the actual value shown by all the evidence produced.

Little assistance can be obtained in this action from the testimony of the expert witnesses. The testimony of plaintiff's expert is based not so much upon the character and extent of the work done as upon the amount involved and the result accomplished. He values the plaintiff's services at about five per cent of the amount recovered against the city, while the plaintiff himself values his own services at about five per cent of the reduction of the claims presented as shown in the recovery of the different claimants. Neither rule is a proper rule upon which the plaintiff's right of recovery can rest, although the amount involved and the result of the proceedings are proper elements of value. The records in these different proceedings were offered in evidence but were not produced at the trial and it is not contended that the expert made any examination thereof upon which he based his judgment as to the value of the services rendered. The testimony of the plaintiff as to the number of days that " must have been " occupied in the preparation for a specific number of hearings is speculative and unsatisfactory. The plaintiff's witnesses used upon those claims were men of intelligence, who were used as witnesses in the prosecution of many other

claims and undoubtedly gave large assistance in the preparation for the trial. The value of their services, however, is not here sought. The hearings were many of them almost *pro forma* hearings. There was little testimony taken at such hearings and at many of the hearings plaintiff did not appear in person but the hearings were conducted by his assistants. Within the same period for which this recovery is sought, the plaintiff has received from the city of New York upwards of $214,000 for other services, in connection with proceedings under this retainer, which fact is properly considered in determining what shall be a fair compensation for the service for which he here sues. It is true that the plaintiff has had large experience in this class of work and no question is made about his ability or fidelity in the rendering of the service. He ought to be paid — and paid well — but in the opinion of the court the values found in respect of the items challenged are not sustained by the evidence.

The judgment is reversed and a new trial granted, with costs to appellant to abide the event. This court reverses the 56th and 73d findings of fact of the trial court.

DOWLING, PAGE, SHEARN and MERRELL, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event. Order to be settled on notice.