THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK DOCK COMPANY, Respondent, v. JOHN H. DELANEY, as Transit Construction Commissioner, Appellant.

First Department, July 2, 1920.

Municipal corporations — mandamus — right to alternative writ to compel certification of voucher by transit construction commissioner of city of New York to comptroller of city for amount due under contract.

The relator which had granted certain rights and easements to the city of New York for the purpose of the construction and operation of a subway line under a contract with the Public Service Commission, and which claims that there is a certain amount due under said contract, is entitled to an alternative writ of mandamus directing the defendant, the transit construction commissioner, to show cause why he should not certify a voucher to the comptroller of the city of New York, pursuant to the provisions of the Rapid Transit Act, though the claim is disputed, to the end that a determination may be had of the matters in dispute, in order to enable the relator to put itself in a position to become entitled to a certificate.

APPEAL by the defendant, John H. Delaney, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of March, 1920, granting relator's application for an alternative writ of mandamus.

*Joseph F. Maguire* of counsel [*Louis C. White* with him on the brief], for the appellant.

*Martin A. Schenck* of counsel [*Charles E. Hotchkiss* with him on the brief], *Davies, Auerbach & Cornell,* attorneys, for the respondent.

GREENBAUM, J.:

The defendant appeals from an order granting the application of the New York Dock Company for an alternative writ of mandamus, by which the defendant is directed to show cause why he should not certify a voucher pursuant to the provisions of the Rapid Transit Act (Laws of 1891, chap. 4), as amended,* in favor of the relator for the sum of $21,000, with interest on $9,000 thereof from the 6th day of August, 1918; on $9,000 thereof from the 6th day of February, 1919, and on the remaining $3,000 from the 18th day of December, 1919, by reason of the claim asserted by the relator upon the following state of facts.

It appears that the Public Service Commission entered into a contract with the New York Dock Company, pursuant to which the latter, in consideration of the payment to it of the sum of $300,000 by the city of New York, granted certain rights and easements to the city for the purpose of the construction and operation of the Seventh Avenue-Lexington Avenue Subway line. There was a condition in the grant of conveyance to the effect that, in the event that the construction and equipment of said railroad shall not be completed by the 6th day of February, 1918, all the rights including the removal of buildings shall continue until such completion, " but in that event the City shall be required to pay interest at and after the rate of 6% per annum, payable semi-annually upon the sum of $300,000 " during the period of occupancy.

The relator alleges that construction and equipment of the Rapid Transit railroad were not completed on the 6th day of February, 1918, or during the immediately ensuing period of twelve months, or on the 5th day of April, 1919, and that

---

* See Laws of 1891, chap. 4, § 10, as amd. by Laws of 1912, chap. 226; Id. § 37, subd. 1, added by Laws of 1894, chap. 752, as amd. by Laws of 1915, chap. 544.— [REP.

the city actually occupied the premises described in the deed and as therein provided from the 6th day of February, 1918, to and including the 5th day of April, 1919; and it is for such occupancy that the demands above set forth are based.

The relator heretofore made an application for a writ of peremptory mandamus to compel the respondent to certify the voucher in question. The court below denied the motion, stating: " It is my view that the deed is not ambiguous. It provided that the relator shall receive interest on the sum of $300,000 during the period that the occupancy continued beyond February 6, 1918. The petition fails to show that the occupancy continued beyond that date."

Upon appeal this court affirmed the order without opinion, Mr. Justice Page dissenting (*People ex rel. New York Dock Co.* v. *Whitney,* 189 App. Div. 931). The relator then made a motion for a writ of alternative mandamus upon papers which amplified the facts of occupancy and set forth that the city of New York actually occupied the premises in question from February 6, 1918, to April 5, 1919, and that for a considerable portion of this time a wire was stretched across the entrance to this slip to which there was attached a sign reading: " Closed by order of the Public Service Commission."

In its answering papers the defendant, appellant, denied that the city actually occupied the premises during the time mentioned and alleged that the Public Service Commission gave due consideration to relator's claims and that they were rejected as being without merit, and that the relator was not entitled to a certification of the voucher.

The appellant also claimed that the relator has an adequate remedy at law and that " the preparation and forwarding by said Commission or by the defendant to the Comptroller of the City of New York of a voucher or vouchers is not a condition precedent to the proper determination of the claims of the relator herein as against the City of New York and is not a condition precedent to such right, if any, as said relator may have to recover compensation, damages or redress as against the City of New York on account of the matters claimed in said affidavit." The question thus arises as to whether the alternative writ of mandamus was properly allowed. The relator relies upon *People ex rel. Cranford Co.*

*v. Willcox* (153 App. Div. 759; affd., 207 N. Y. 743) in support of its right to the writ. In that case, in which a peremptory writ was granted, the contract between the relator and the Public Service Commission provided, as the opinion shows: " That in case there should be a dispute as to whether any work required was within the contract price, the contractor should do the work as ordered, leaving the question of its right to be compensated therefor as extra or additional work to be decided by arbitration in the manner elaborately provided for in the contract."

It also appeared that the arbitrators in due course made an award to the relator of the sum of $59,867.64 with interest, but that the Commission thereafter refused to certify this amount to the comptroller of the city of New York for payment. Upon such refusal the relator asked for a writ of peremptory mandamus to compel the issuance of such certification. The Special Term denied the motion upon the sole ground that mandamus was not a proper remedy. Upon appeal to this court the order was reversed and the motion granted.

The appellant argues that the *Cranford Case (supra)* may be differentiated from the facts here appearing in that the court there was considering the method of the payment of a claim which had been adjudged to be valid in the manner agreed to by the parties under their contract and, that, therefore, the procurement of the voucher was a condition precedent to payment by reason of the provisions of the agreement.

If the procurement of the certified voucher is a condition precedent to payment by the city in the case of the refusal of the Commission to certify an adjudicated claim, it is difficult to understand why a certification is not also a condition precedent in the case of a disputed claim. The only difference between the two cases is that when the claim has been adjudged between the contractor and the Commission, a peremptory writ should issue in case of a refusal to certify; and where the claim is disputed, an alternative writ should be allowed in order that an adjudication of the claim may be had for the purpose of determining what certificate, if any, the contractor is entitled to.

The appellant relies upon the case of *Davidson* v. *Village of White Plains* (197 N. Y. 266). The court there recognized " the principle that where a particular mode of discharging the obligation of a municipal corporation is provided by law, that mode must be pursued," following *Dannat* v. *Mayor* (66 N. Y. 585) and *Swift* v. *Mayor, etc.* (83 id. 528). But said the court: " We must be careful to distinguish between a provision of law that prescribes how a creditor of a municipal corporation may obtain payment of his claim and one which simply prescribes the method by which the corporation is authorized to obtain funds with which to pay the claim, merely regulating internal management of the corporation itself." The court analyzed the cases of *Dannat* v. *Mayor* (*supra*) and *Swift* v. *Mayor, etc.* (*supra*) and pointed out that in the *Dannat* case the contract was not made with the corporation but with the board of education, which discharged the governmental function of providing public instruction, and that " under the statutory scheme the board of education was to deliver to the creditor its draft on the comptroller, who was required to pay the same if there were funds to the credit of the board sufficient for the purpose. It was held that the action of the comptroller, if a draft were presented, was merely ministerial and could be enforced by mandamus, and that he was not required to act until the draft was procured."

It was similarly pointed out that in the *Swift Case* (*supra*) " the contract was not that of the city but of the board of police, which had its own treasurer, to whom all the funds to be disbursed by the department were paid by the city officers." The court then states that " in neither of these cases was there any general obligation upon the city to discharge obligations incurred by the contracts made by those boards. The case before us is different. The water commissioners, under the statute, are directed to acquire the necessary lands and easements in the name and on behalf of the village, and all the revenues derived from the supply of water are paid to the village. That the relation of principal and agent existed between the commissioners and the village seems clear under the authorities."

The court also cited the case of *O'Brien* v. *Mayor, etc.* (139 N. Y. 543) in which the statute provided for the issue by the

city of water stock to defray the expenses of the improvement, and directed the comptroller to make payments on the certification of the aqueduct commissioners. Says the court: "The plaintiff received no such certificate. The point was not decided, but it was assumed in the opinion that if the certificate was unreasonably refused an action would lie against the city. In principle we think the present case is similar to that of *Fleming* v. *Village of Suspension Bridge* (92 N. Y. 368). Though it was the duty of the plaintiff in the first instance to apply to the board of water commissioners to audit and certify his claim, upon their refusal to comply with the demand he was not restricted to proceedings against the commissioners by mandamus. It may be questioned whether mandamus would lie in case the claim was in dispute. However this may be, such refusal would give a right of action against the village itself."

The facts in that case differ from those in the instant case in a very important respect. In that case the water commissioners of White Plains were a part of the local machinery of government. They were the immediate agents of the village. Here the Public Service Commissioners are appointed by the Governor of the State of New York. It is a State body independent of the municipal government, although charged with power to make contracts for the execution of which the municipality must pay, but it is not an agent of the city in the sense of being a part of the internal management of a municipality.

Moreover, under the facts appearing in the *Davidson Case* (*supra*), the court held that the plaintiff in that case "was not restricted to proceedings against the commissioners by mandamus," although it is difficult to understand why mandamus should lie in a case where the contractor may bring an action upon his contract, upon an unreasonable refusal on the part of one of the agents of the municipality to certify to his claim. (*People ex rel. Lehmaier* v. *Interurban R. Co.*, 177 N. Y. 296, 299; *Matter of Haydorn* v. *Carroll*, 184 App. Div. 151, 156; 225 N. Y. 84.)

The holding in *People ex rel. Cranford Co.* v. *Willcox* (*supra*) that mandamus will lie against the Public Service Commission is not in conflict with the *Davidson* case, but is a direct holding

in favor of relator's contention.  No case has been called to the court's attention where the specific question of the right to alternative mandamus under the Rapid Transit Act or any similar act has been decided.  It must follow by parity of reasoning that an alternative writ of mandamus should be permitted where the facts are disputed, so that a determination may be had of the matters in dispute in order to enable the claimant to put itself in a position to become entitled to a certificate.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.