[Civ. No. 21954.   Second Dist., Div. Three.   Apr. 3, 1957.]

HARRY JANNIS, Respondent, v. CECIL R. ELLIS et al.,
Appellants.

Aaron Levinson and Albert E. Marks for Appellants.

Daniel A. Schiffer and Rudolph Pacht for Respondent.

VALLÉE, J.—Appeal from an order confirming award of arbitrators.

Respondent Jannis and appellants Ellis and Liebman were partners under a written agreement which provided for arbitration of controversies between them. A controversy arose which was submitted to a board of arbitrators. On September 9, 1955 the arbitrators made an award in writing.

On October 5, 1955, the attorneys for the respective parties entered into a written stipulation requesting the arbitrators to clarify the award with respect to whether it included a loan of $2,465.50 made by respondent Jannis to the partnership. On February 9, 1956, the arbitrators filed a document titled "Clarification of Award of Arbitrators Pursuant to Stipulation" in which they stated they had made their award under date of September 9, 1955; stated "Said award is made a part hereof by reference"; referred to the stipulation of the parties for clarification; and stated "The said award is exclusive of the said loan of Harry Jannis."[1]

On March 12, 1956, respondent Jannis petitioned the superior court to confirm the award as clarified. Appellants petitioned for an order vacating the award. The petition to vacate was denied and the award was confirmed. Ellis and Liebman appeal.

Section 1287 of the Code of Civil Procedure in relevant part reads:

"At any time within three months after the award is made, unless the parties shall extend said time in writing, . . . any party to the arbitration may apply to the superior court of the county or city and county in which said arbitration was had for an order confirming the award; and thereupon said court must grant such an order unless the award is vacated, modified or corrected, as prescribed in the next two sections. . . ."

The next two sections are not pertinent in this case.

Appellants' claim is that because the petition to confirm was not filed within three months after September 9, 1955, the

---

[1] "The undersigned arbitrators duly made their award under date of September 9, 1955. Said award is made a part hereof by reference. The attorneys for the respective parties to the arbitration have requested by written stipulation clarification of the award in the following respects, to wit:

" 'Whether or not the award of $13,906.67 includes the loan of Harry Jannis to the Servette Company in the sum of $2,465.50, or whether said award is exclusive of the said loan of Harry Jannis.'

"The said award is exclusive of the said loan of Harry Jannis."

date the original award was made, the court was without jurisdiction to confirm. The claim is without merit.

Arbitration is predicated on the voluntary agreement of the parties, and the arbitrators derive their powers from the agreement. (*Crofoot* v. *Blair Holdings Corp.*, 119 Cal. App.2d 156, 184 [260 P.2d 156].) Generally when the arbitrators have delivered their award they are said to be *functi officio*. Their powers and duties under the submission are terminated unless the parties resubmit the matter to them. (Sturges, Com. Arbitrations and Awards, 510, § 220.) The parties may agree on further action by the arbitrators as a continuation of the original submission. (*People ex rel. Cranford Co.* v. *Willcox*, 153 App.Div. 759 [138 N.Y.S. 1055], aff. 207 N.Y. 743 [101 N.E. 174].)

In *Frederick* v. *Margwarth*, 221 Pa. 418 [70 A. 797, 18 L.R.A.N.S. 1246], it appeared that the arbitrator did not decide on a number of matters which were submitted to him, but thereafter on notice of rehearing rendered an award on the whole cause. In holding the new award was enforceable, the court observed (70 A. 797):

"The main contention of the appellant is that the arbitrator's authority ended with the making of the first award. The rule undoubtedly is that, when an arbitrator has made and delivered his award, the special power conferred upon him ends. But an award must be final, complete, and coextensive with the terms of the submission. The arbitrator, through mistake, failed to consider and decide a part of the dispute submitted to him, and the award was invalid because incomplete. But the agreement was still in force, and it was competent for the arbitrator to finish his work by making a full and complete award. *Hamilton* v. *Hart*, 125 Pa. 142 [17 A. 226, 473]. The agreement to refer was a part of the contract into which the parties entered, and the defendants could not withdraw from it." (To like effect, *Fargo* v. *Reighard*, 13 Ind.App. 39 [39 N.E. 888, 41 N.E. 74]; *Schenck* v. *Voorhees*, 7 N.J.L. 383, 390; *Cracchiolo* v. *Carlucci*, 62 Ariz. 284 [157 P.2d 352, 354]; 6 C.J.S. 194, § 52; 3 Am.Jur. 924, § 93. *Cf. Lewiston-Auburn etc. Assn.* v. *Federal Shoe, Inc.*, 150 Me. 432 [114 A.2d 248].)

It is of course competent for the parties to alter the terms of the submission even after the original award is delivered, and to enlarge the powers of the arbitrators. *Eveleth* v. *Chase*, 17 Mass. 458, states (p. 459):

"And after it [the award] is delivered, if the parties so agree, they may open the subject for reconsideration; . . . which may be done for the correction of mistakes, or for a new hearing of the parties.

"In the case before us, the object of the referees was to explain doubtful matter in their award. In a court of chancery, an award under such circumstances would be set aside or amended. Such a procedure is perhaps attended with great difficulties, without the consent of the parties to the submission. Here there was such consent, before the alteration was made, and an expression of satisfaction afterwards. The explanatory paper, therefore, became part of the award, and the whole is to be taken together as making one award."

▮ The requirement of section 1287 that an application for an order confirming the award be filed within three months after the award is made was clearly waived with respect to the award made September 9, 1955. The so-called clarification of the award was made pursuant to stipulation of the parties; it incorporated the original award as a part of it; it formed a complete execution of the power delegated to the arbitrators; it was not until it was made that the object of their appointment was fulfilled and their authority terminated. It was not until February 9, 1956, that the award contemplated by section 1287 was made. The application to confirm was filed within three months of that date and within time.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.