[Civ. No. 24512. Second Dist., Div. Three. Feb. 9, 1961.]

LIBRASCOPE INCORPORATED (a Corporation), Respondent, v. PRECISION LODGE NO. 1600, INTERNATIONAL ASSOCIATION OF MACHINISTS, AFL-CIO, Defendant; RICHARD H. WYMER, Intervener and Appellant.

*Assigned by Chairman of Judicial Council.

72

Freda B. Walbrecht for Intervener and Appellant.

John K. Ford for Respondent.

VALLÉE, J.—Richard Wymer appeals from a judgment confirming an award of an arbiter.

On September 3, 1958, Librascope, Inc., and Precision Lodge Number 1600 entered into a written collective bargaining agreement which contained a provision for the settlement of controversies between Librascope and its employees by arbitration.

Wymer was employed by Librascope as a machinist. Robert Levan was employed as his leadman. On January 3, 1959, an argument developed between Wymer and Levan during working hours about a possible theft of another employee's indicator arm. A fight between Wymer and Levan followed. Wymer was discharged by Librascope. A controversy arose between Precision and Librascope as to whether Wymer was wrongfully discharged. Librascope and Precision submitted the matter to arbitration. The issue before the arbiter was, "Did the Company violate the collective bargaining Agreement in discharging Richard Wymer?"

The collective bargaining agreement provided: "The arbiter shall render a decision or award within ten days from the date of the conclusion of the hearings unless the Company and the Union agree to give him an extension of time prior to the conclusion of the hearing."

The agreement also provided: "Any of the periods within which any of the acts required in this agreement are to be performed may be extended by mutual consent of both parties."

The hearings were concluded on March 14, 1959. The arbiter made his award on April 21, 1959, reading: "The Company did not violate the collective bargaining Agreement in discharging Richard Wymer." The award was acknowledged by the arbiter on June 16, 1959.

On June 26, 1959, Librascope filed a verified application for an order confirming the award. The application alleged: "Arbitration hearings were completed on March 14, 1959. Thereafter, by mutual consent of the parties to the arbitration proceeding, the time within which the Arbitrator might render an award was, by mutual consent, extended to and including April 21, 1959. Said mutual consent was oral and not in writing." Precision did not answer the application or appear in the proceedings for confirmation. On August 6, 1959, Wymer, without leave of court, filed an answer. He alleged Precision had refused to answer the application. On information and belief, he denied the allegation of the application that the time within which the arbiter might render an award was by mutual consent extended to and including April 21, 1959. He alleged that because the award was not acknowledged until June 16, 1959, it was void and the court had no jurisdiction to confirm it.

In support of the application Librascope filed a declaration of its personnel manager which stated:

"On or about April 4, 1959, while the arbitration proceeding involved in this proceeding was still undecided, I represented Librascope, Incorporated at an arbitration hearing at which the arbitrator was a Mr. Kotin, who is an associate of Michael Komaroff, the arbitrator in the instant proceeding. At that arbitration proceeding Leland G. Hewitt, who had represented Precision Lodge No. 1600 in the arbitration proceeding involved in this proceeding, also represented Precision Lodge No. 1600. In my presence he asked Mr. Kotin when the decision in the Wymer arbitration (the instant proceeding) would be made. Mr. Kotin stated that he would call Mr. Komaroff immediately. After making a telephone call, Mr. Kotin reported to Mr. Hewitt and to me that the decision in the Wymer matter would be made in a few days."

On August 12, 1959, an order was made confirming the

award. On August 17, 1959, judgment was rendered to the same effect. The judgment recites that no one appeared on behalf of Precision and that Wymer appeared with counsel. Wymer appeals from the judgment.

Wymer claims the court was without jurisdiction to confirm the award. His claim is predicated on the fact that the award was not made within 10 days from the date of the conclusion of the hearings and that the arbiter did not acknowledge the award until June 16, 1959. He says there was no evidence that the time within which the award could be made was extended prior to the conclusion of the hearings and that there was no evidence of mutual consent.

 It is well settled that in both the superior and reviewing courts every intendment of validity must be given the award, and the burden is on the one claiming error to support his contention. (*Crofoot* v. *Blair Holdings Corp.*, 119 Cal.App. 2d 156, 185 [260 P.2d 156].) It is also settled that whenever the submission names any time within which the award is to be made, the authority of the arbiter terminates with the expiration of that time and such a provision is mandatory and jurisdictional. (*Rusnak* v. *General Controls Co.*, 183 Cal.App.2d 583, 584 [7 Cal.Rptr. 71]; *General Metals Corp.* v. *Precision Lodge 1600*, 183 Cal.App.2d 586, 587 [6 Cal.Rptr. 910].)

 However, the parties may agree on further action by the arbiter as a continuance of the original submission. They are competent to enlarge his powers. (*Jannis* v. *Ellis*, 149 Cal.App.2d 751, 753 [308 P.2d 750].) The parties may expressly or by implication waive defects or irregularities in the proceedings. (6 C.J.S., § 69, p. 209.) The time fixed by the submission for making the award may be waived by the parties or they may be estopped by their action or inaction from claiming lapse of time as a termination of the arbiter's authority so that under the particular circumstances an award made after the expiration of the specified time may be valid. Whether a party will be held to have waived the time limitation or to be estopped from claiming that the authority of the arbiter has expired depends on the facts of each case. (*Bank of Coronado* v. *Shreve*, 51 Cal.App. 353, 355-356 [196 P. 787]; *Jannis* v. *Ellis*, 149 Cal.App.2d 751, 754 [308 P.2d 750]; anno., 154 A.L.R. 1392, 1403; 30 So. Cal. L. Rev. 375, 458.) The extension need not be in any particular form provided it is consented to by both parties, and

may be oral although the submission is in writing. If the parties extend the time limitation and the award is made within the extended time, it is valid and the court has jurisdiction to confirm it.

 As stated earlier, the issue in the arbitration proceeding between Librascope and Precision was whether Wymer was wrongfully discharged, and in the proceeding Precision acted for and on behalf of Wymer. At the time Wymer filed his answer Precision had defaulted and had thereby admitted the allegation of the application for confirmation that the time within which the arbiter might render an award was by mutual consent extended to and including April 21, 1959. We are of the opinion the trial court could reasonably conclude from the conduct of Precision, as evidenced by its admission of the truth of the allegation of the application to confirm that the time had been extended by mutual consent to and including April 21, 1959, and the declaration of the personnel manager of Librascope which showed in effect a consent to the delay in rendering the award, that the parties agreed to extend the time in which the award could be rendered to and including April 21, 1959. Precision represented Wymer prior to its refusal to oppose the application for confirmation. The extension of time for the arbiter's award and the award itself were made while Wymer was represented by Precision. He cannot, of course, retrospectively deny that Precision's representation was authorized. He is bound by the acts of Precision. An intervener is bound by the record of the action at the time intervention is sought. (*Allen* v. *California Water & Tel. Co.*, 31 Cal.2d 104, 109 [187 P.2d 393].)

 The contention that the award is invalid because the arbiter did not acknowledge the award until June 16, 1959, cannot be sustained. The omission of an acknowledgment may be cured after the publication and delivery of the award to the parties and even after it has been filed in court for confirmation. (6 C.J.S., § 75c, p. 216.) *In re Verly Bldg. Corp.*, 264 App. Div. 885 [35 N.Y.S.2d 891], in part reads (35 N.Y.S. 2d 891):

"The dispute concerns the acknowledgement of the award by the arbitrator after it had been signed by him and copies of it had been sent to the attorneys for the parties and to the justice at his chambers, but before it had been filed in the county clerk's office. Failure to acknowledge it when it was signed was entirely inadvertent. Section 1461 of the Civil

Practice Act does not provide that a motion to confirm an award may not be 'entertained' before the award is acknowledged, but in this proceeding the acknowledgement of the award was made on the day on which the motion to confirm was heard, and it was therefore before the court when it 'entertained' the motion. Section 1460 of the Civil Practice Act provides that 'to entitle the award to be enforced' it must be acknowledged. Here the award was acknowledged before the motion to confirm, the first step looking to enforcement, was decided. Correction of the award by supplying the omitted acknowledgement after the award was signed was within the discretion of the court, was required to effect the intent of the award and to promote justice between the parties, and did not affect a substantial right of any party on the merits of the controversy.''

*In re Verly* was quoted with approval in *Accito* v. *Matmor Canning Co., Inc.*, 128 Cal.App.2d 631, 633 [276 P.2d 34].) (To the same effect, *Building Service Employees etc. Local 32B, A.F.L.* v. *Filene Holding Corp.*, 43 N.Y.S.2d 309 ; *Application of Shapiro*, 197 Misc. 241 [97 N.Y.S.2d 644, 648].)

In *Griffith Co.* v. *San Diego College for Women*, 45 Cal.2d 501 [289 P.2d 476, 47 A.L.R.2d 149], there were three arbiters. One of them prepared the award, signed it and delivered it by messenger to the chairman, where it was signed, having been previously acknowledged by a notary in the office of the arbiter who prepared it. The court held that the mode in which the chairman signed the award, although not approved practice, would not justify setting it aside in the absence of a showing that the complaining party was prejudiced. Librascope and Precision were the only parties who could complain of the fact that the award was not acknowledged until June 16, 1959. Neither of them did so, and neither of them was prejudiced. There was no showing that Wymer was prejudiced in any respect.

Affirmed.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied March 1, 1961, and appellant's petition for a hearing by the Supreme Court was denied April 4, 1961.