[Sac. No. 170. In Bank.—March 18, 1898.]

A. H. MURRAY et al., Respondents, v. TULARE IRRIGATION COMPANY, Appellant.

APPEAL—REVIEW OF EVIDENCE—CONFLICT.—Where the determinative issues in the case were issues of fact which were decided by the court below, upon conflicting evidence, and there was sufficient evidence to justify the findings made by the court, its action will be affirmed.

DEED—ACKNOWLEDGMENT BEFORE ONE OF SEVERAL GRANTEES AS NOTARY—VALIDITY OF CERTIFICATE—PROOF OF EXECUTION.—Though the grantee in a deed cannot take and certify the acknowledgment of his grantor, and if he does so the certificate of acknowledgment as to him is void, yet where there are several grantees, each taking a separate and defined interest, the deed is to be treated as if made separately to each grantee, and an acknowledgment before one of the grantees is good and sufficient to prove the execution of the deed as to all of them except the party taking it.

ID.—DESCRIPTION BY NAME—IDENTITY OF DITCH PROPERTY—DISREGARD OF DEFECTS.—Where the ditch referred to in the deed is described both in the complaint and deed by the same descriptive name, and the general particulars as to its head and course are substantially the same, and there was abundant evidence that the ditch was generally known and spoken of by such descriptive name, and there was no evidence that any other ditch in the county had the same name, defects in other parts of the description may be disregarded, and the property described in the deed is sufficiently identified as being the same property described in the complaint.

CONSTRUCTION OF FINDINGS.—All the findings must be read and construed together in harmony, if possible, so as to justify the conclusion reached by the court.

APPEAL from an order of the Superior Court of Tulare County. William W. Cross, Judge.

The facts are stated in the opinion rendered in Department One.

Daggett & Adams, for Appellant.

Bradley & Rulofson, and E. O. Larkins, for Respondents.

THE COURT.—After consideration of this cause in Bank we are satisfied with the conclusion reached and the opinion delivered in Department. There is no appeal from the judgment; and, as to the questions which could be raised on the appeal from the order denying a motion for a new trial, we do not deem it necessary to add anything to the opinion above referred to. Indeed, the determinative issues in the case were issues of fact which were decided by the court below upon conflicting evidence which clearly warranted the findings which the court made.

For the reasons given in the said former opinion the order appealed from is affirmed.

Beatty, C. J., did not participate in the foregoing.

The following is the opinion above referred to, rendered in Department One, June 25, 1897:

THE COURT.—This is an action to determine conflicting claims to water. The action was commenced April 12, 1892, by the plaintiffs, for themselves, and nineteen others interested with them, to obtain an injunction restraining the defendant corporation from diverting any of the waters of the Kaweah river until after plaintiffs' ditch, known as the Watson ditch, is supplied with twenty cubic feet of water per second.

The case was tried and the findings were very full, covering all the issues raised by the pleadings. Among other things, the court found that the plaintiffs were the owners of the Watson ditch and had a right to divert through the same from Mill creek nineteen and sixty-three hundredths cubic feet of water per second, which right was prior and superior to the right of defendant to divert through its ditch any water from the Kaweah river or Mill creek. Judgment was accordingly entered perpetually enjoining defendant from diverting any water from the

said river or creek, or in any way preventing the full flow of the waters of said streams down to and into the plaintiffs' ditch until the same shall be first supplied, at the head thereof, with the quantity of water to which plaintiffs were found to be entitled.

. A motion for new trial was made upon a bill of exceptions and denied, and from that order defendant appealed. The motion for new trial was based upon the following grounds: 1. Insufficiency of the evidence to justify the findings and decision of the court; 2. Errors in law occurring at the trial and excepted to by defendant; 3. That the decision was against law.

Appellant attacks the findings and earnestly contends that, as to ten different and material matters contained in them, they were not justified by the evidence.

During the trial fifteen witnesses were called and examined on behalf of the plaintiffs, and twenty-three on behalf of the defendant, and the evidence presented in a condensed form in the bill of exceptions covers eight hundred and eighty-six pages of the printed transcript.

Upon nearly every disputed question in the case the evidence was conflicting, and to follow up and discuss all the points made would obviously require a very lengthy opinion and subserve no useful purpose. We have carefully gone over and examined the evidence, and under the circumstances deem it enough to say that in our judgment it was quite sufficient to justify each of the findings objected to.

Appellant also contends that the court committed twenty-one different errors in law in its rulings upon the admission or rejection of evidence, each of which was prejudicial to its side of the case and calls for a reversal.

The first ruling complained of was the admission in evidence of a deed which purported to have been executed by C. J. Giddings to J. O. Blakely and others. The deed named twenty-nine grantees, to each of whom it conveyed a certain fractional interest in the property described, leaving still a fractional interest in the grantor, who was one of the plaintiffs, and it was acknowledged by the grantor before one of the grantees, who was a notary public. The property was described as: "That certain water ditch situate in the county of Tulare, state of California, known as the Watson ditch, which ditch runs through a

portion of section 27, 28, 32, and 31, in township 18 S., R. 25 E., M. D. B. and M., and carries water from Mill creek to the land of the said C. J. Giddings and others in that vicinity and along the line of said ditch; together with all water rights, drops, headgates, therein or thereunto belonging or appertaining; also an undivided one-fourth interest in and to that portion of that certain other water ditch, situate in said county and state, known as the Evans ditch, between the point on said Mill creek where the said Evans ditch diverts its water from the said Mill Creek and the point on said Evans ditch, near the center of said section 27, where the said Evans ditch and the said Watson ditch and another water ditch, known as the Burch ditch, separate and divide."

The defendant objected to the introduction of the deed in evidence, on the ground "that the same is irrelevant and immaterial to any of the issues in the case, and because the instrument is incompetent to prove any fact in issue; it cannot be ascertained therefrom what property is sought to be conveyed by the instrument."

It appears that the same property had been conveyed to said Giddings by Emily P. Watson, the widow and only heir of Wiley Watson, deceased, and her deed had been introduced in evidence without objection.

It is argued that the deed was inadmissible because: 1. There was no evidence that it was executed by Giddings other than the certificate of acknowledgment attached thereto, and, as the acknowledgment was taken by one of the grantees, it was wholly void and insufficient to prove the execution; and 2. There was no evidence to identify the property described in the deed as being the same property described in the complaint.

Neither of these grounds of objection can be sustained. It is true the grantee in a deed cannot take and certify the acknowledgment of his grantor, and if he does so the certificate as to him is void. But where, as here, there are several grantees, each taking a separate and defined interest, the deed should be treated as if made separately to each of such grantees, and we see no reason why, and have discovered no authority to the contrary, the acknowledgment should not be held good as to all of them except the party taking it. There would be just as good reason

for saying that if a legatee named in a will were one of the two subscribing witnesses to its execution the will would be void as to all the other legatees; but the contrary rule generally prevails and is declared by our statute. (Civ. Code, sec. 1282.)

"Every instrument conveying or affecting real property, acknowledged or proved and certified as provided in the Civil Code, may, together with the certificate of acknowledgment or proof, be read in evidence in an action or proceeding without further proof" (Code Civ. Proc., sec. 1951); and "a grant duly executed is presumed to have been delivered at its date." (Civ. Code, sec. 1055.)

The ditch referred to is described in both the complaint and deed as that certain water ditch in Tulare county known as the Watson ditch, and the general particulars as to its head and course are substantially the same. There was abundant evidence that it was generally known and spoken of as the "Watson ditch," and no evidence that there was any other ditch in the county having the same name. When property has a descriptive name it may be conveyed by that name, and defects in other parts of the description may be disregarded. (Civ. Code, sec. 1092; *Haley v. Amestoy*, 44 Cal. 132; *Martin v. Lloyd*, 94 Cal. 195.) It must be held, therefore, that the property described in the deed was sufficiently identified as being the same property described in the complaint.

The other rulings complained of are so numerous that we have neither time nor space to enter upon a full discussion of them. We have carefully read and considered the very elaborate and able briefs of counsel upon both sides, and after doing so feel constrained to say simply that we do not find in the rulings any error prejudicial to the complainant.

The point that the decision was against law is based upon the theory that the findings in regard to the bar of the statute of limitations were inconsistent with and contradictory to certain other findings in regard to the location, construction, and use of defendant's ditch. We see no such inconsistency. All the findings must be read and considered together, and when so read they seem to be in entire harmony and to justify the conclusions reached by the court.

It follows that the order appealed from must be affirmed; and it is so ordered.