[Civ. No. 7970. Second Appellate District, Division One.—August 15, 1934.]

PLEATERS & STITCHERS ASSOCIATION (a Voluntary Association), Appellant, v. S. J. DAVIS, etc., Respondent.

H. W. Biddle, Morris & Gault and James B. Abbey for Appellant.

Shapiro & Shapiro and H. Y. Romayne for Respondent.

YORK, J.—This is an appeal from a judgment of dismissal with prejudice entered pursuant to an order of the court denying complainant's amended petition to confirm award in arbitration, and sustaining demurrer of accused to said petition without leave to amend.

On February 13, 1931, the complainant filed its petition for confirmation of award in arbitration dated December 17, 1930, and served notice of motion for such confirmation; on February 25, 1931, the respondent filed a demurrer to said petition and on February 27, 1931, filed his answer and notice of motion to vacate the award, together with three affidavits in support of said motion. On March 23d these matters came on to be heard by the court, whereupon the following order was entered: "motion to confirm award in arbitration and demurrer to petition come on for hearing, . . motion to vacate award is ordered off calendar. Motion to confirm award is denied. Demurrer to petition is sustained without leave to amend." Appellant now maintains that the court erred in sustaining the demurrer with-

out leave to amend and in rendering and entering the judgment of dismissal thereon, and also in denying appellant's motion to confirm award.

In support of these contentions, appellant claims that there is no provision in the sections of the code relating to arbitrations (secs. 1280 et seq., Code Civ. Proc.), providing for the filing of a demurrer or answer and that, therefore, the filing of the answer and the interposing of the demurrer in this proceeding were improper, and the court had no jurisdiction to entertain or pass upon either of these pleadings.

Section 1285 of the Code of Civil Procedure provides: "Any application made under the authority of this act shall be heard in a summary way in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."

Section 1287 of the same code provides: "At any time within three months after the award is made . . . any party to the arbitration may apply to the superior court of the county or city and county in which said arbitration was had for an order confirming the award; and thereupon said court must grant such an order unless the award is vacated, modified or corrected, as prescribed in the next two sections. Notice in writing of the motion must be served upon the adverse party or his attorney five days before the hearing thereof."

Vacation of an award is permitted by section 1288, Code of Civil Procedure, when procured by corruption, fraud or undue means, or when the arbitrators were guilty of misconduct in refusing to hear pertinent evidence, or of any other misbehavior. Correction of mistakes in the award is permitted under section 1289.

■ The statutory provisions for a review of arbitration proceedings are for the sole purpose of preventing the misuse of the proceedings, where corruption, fraud, misconduct, gross error or mistake has been carried into the award to the substantial prejudice of a party to the proceeding. The design was to avoid useless proceedings and to make the practice simple and as speedy as would be consistent with justice. (3 Cal. Jur., p. 87.)

■ Upon consideration of the method of procedure outlined by the sections of the code referred to, it would seem to be mandatory upon the trial judge to confirm an award,

unless he vacates, modifies or corrects it. However, the adverse party has a right to object to the granting of the application, when the objections attack the validity of the arbitration proceedings, and even though these objections are denominated "demurrer" or "answer" they constitute the adverse party's statement of objections to the application and the court would have jurisdiction to entertain and pass upon them.

In the instant case the court in sustaining the demurrer held that the complaint did not state facts sufficient to authorize a confirmation of the award. One of the grounds of demurrer was that plaintiff had no legal capacity to sue. The complaint shows upon its face that the plaintiff is a voluntary association doing business under a fictitious name, but as to whether or not it had filed the certificate required under section 2468, Civil Code, the record is silent. Therefore, we are of the opinion that the court properly sustained the demurrer, but that the court erred in sustaining the demurrer without leave to amend. (*Ginsberg Tile Co.* v. *Faraone,* 99 Cal. App. 381 [278 Pac. 866].)

Respondent makes the point that the complaint shows upon its face that the parties entered into an illegal contract in restraint of trade, but in view of the fact that respondent does not state what provisions of the contract constitute such illegality, we feel that this point does not merit a discussion in this opinion.

The judgment of dismissal with prejudice is reversed, and the cause remanded to the trial court for the proper proceedings in accordance with this decision.

Conrey, P. J., and Houser, J., concurred.