[Civ. No. 11926. First Dist., Div. Two. Apr. 24, 1942.]

JOHN C. MOORE, Appellant, v. J. W. GRIFFITH, Respondent.

John C. Moore in pro. per. for Appellant.

W. P. Caubu for Respondent.

DOOLING, J. pro tem.—This is an appeal from an order of the superior court denying appellant's motion to vacate an award made by a board of arbitration consisting of three arbitrators. The motion was heard upon affidavits and counter-affidavits, and in support of the order appealed from we must, in accordance with the settled rule, accept as true the evidence which will support the order wherever there is any conflict.

The award was signed by two of the arbitrators and the third filed a written dissent containing certain recitals of fact. This dissent was acknowledged as provided in section 1287, Code of Civil Procedure, but it was not made under oath. The trial court properly held that the "unverified dissenting opinion of Arbitrator Harris . . . may not be considered in the consideration of the pending motion."

Much of the argument of appellant is based upon statements found in this dissent. Since we are satisfied that it is without evidentiary value we need devote no further attention to those particular matters.

It appears from the transcript that a prior award had been vacated by the court on July 15, 1941. A further hearing before the arbitrators was held on July 16, 1941, commencing at 2:30 p. m. As to this hearing the affidavit of W. P. Caubu recites:

"That the second hearing by the arbitrators in said matter was held on July 16, 1941, following a stipulation in open court between Mr. Moore and this affiant, and with the approval of A. Grant Harris, one of the arbitrators then personally present before the court, that the said date at the hour of 2:30 p. m. thereof would be a time agreeable for the hearing of any testimony to be offered by Mr. Moore . . . and the court so ordered."

The complaint that the time fixed for this hearing was unreasonably short is foreclosed by this evidence that appellant stipulated to it in open court.

 It appears that when the hearing opened appellant requested a continuance of one hour to allow his attorney to be present and that this request was refused. We need not decide the question whether a party appearing before arbitrators is entitled as of right to be represented by counsel, a matter on which the authorities are not in accord. (6 C. J. S., p. 197.) In stipulating absolutely on July 15, that the matter should be heard the next day at 2:30 p. m., appellant should have known whether or not his attorney could be present at that time, if he desired his presence. The affidavit of Caubu recites: "That said arbitrators met at said time and without any objection by Mr. Moore, proceeded to receive further testimony, offered by Mr. Moore; Mr. Moore conducted all of the examination of his witnesses and this to the exclusion of Mr. Harry J. Abraham (his attorney), though the latter was present during the greater part of said hearing." There is no showing in the affidavits of what occurred before Mr. Abraham arrived at the hearing, of what, if anything, Mr. Abraham would or could have done in the presentation of evidence to the arbitrators that was not done by Mr. Moore, nor of any prejudice suffered by appellant because of his attorney's absence from a portion of the hearing. On the record it is not made to appear that appellant suffered any prejudice by the refusal to continue the hearing.

 The arbitrator Thomas inspected the building, which was the subject of arbitration, in the absence of his fellow arbitrators and the parties. This, however, occurred before the making of the prior award which was vacated on July 15, 1941, and in stipulating to the further hearing before the same arbitrators on July 16, 1941, appellant must be held to have waived any objection on this ground.

The complaint that two arbitrators proceeded in the absence of the third is directed to the prior award which was vacated

by the court. As to the award now before the court the affidavit of Caubu states:

"Affiant states that all witnesses present at said hearing were heard; that all having been heard on motion of A. Grant Harris, the arbitrator appointed by Mr. Moore, the matter of the hearing be closed and in this motion the other two arbitrators agreed and unanimously ordered the matter closed and proceeded to sit together in judgment of the matter; that after deliberation the award was made. . . ."

The claim that the arbitrators cut short the testimony of appellant and refused to hear another witness is contradicted by the evidence above quoted "that all witnesses present at said hearing were heard." Further there is no showing in appellant's affidavits of any fact or facts to which he or such witness would have testified. It is incumbent on appellant to show that competent and material evidence was excluded. No such showing was made.

Finally appellant complains of the refusal of the arbitrators to continue the hearing from July 16, 1941, for the purpose of compelling the attendance of respondent Griffith or taking his deposition. It does not appear that any showing was made before the arbitrators by affidavit or under oath of the materiality of any evidence expected to be given by this witness or of any diligence used to procure his attendance, nor that any request for time to prepare or present any such affidavit was made. "A motion to postpone a trial on the ground of the absence of evidence can only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligencee has been used to procure it." (§595, Code Civ. Proc.)

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 22, 1942.