In the Matter of the Arbitration of Controversies between VERLY BUILDING CORP., Petitioner, Respondent, and MAURICE GERTNER, Appellant; RICHARD ENGLISH, Arbitrator, Respondent.— Appeal from a judgment in an arbitration proceeding and from the order confirming the award of the arbitrator and directing the entry of the judgment appealed from. Order confirming award and directing the entry of judgment affirmed, with ten dollars costs and disbursements. Appeal

from judgment dismissed, without costs. No judgment is printed in the record on appeal. The dispute concerns the acknowledgment of the award by the arbitrator after it had been signed by him and copies of it had been sent to the attorneys for the parties and to the justice at his chambers, but before it had been filed in the county clerk's office. Failure to acknowledge it when it was signed was entirely inadvertent. Section 1461 of the Civil Practice Act does not provide that a motion to confirm an award may not be " entertained " before the award is acknowledged, but in this proceeding the acknowledgment of the award was made on the day on which the motion to confirm was heard, and it was, therefore, before the court when it " entertained " the motion. Section 1460 of the Civil Practice Act provides that " to entitle the award to be enforced " it must be acknowledged. Here the award was acknowledged before the motion to confirm, the first step looking to enforcement, was decided. Correction of the award by supplying the omitted acknowledgment after the award was signed was within the discretion of the court, was required to effect the intent of the award and to promote justice between the parties, and did not affect a substantial right of any party on the merits of the controversy. (Civ. Prac. Act, §§ 105, 1462-a.) " In following rules of practice for the due and orderly administration of the law, care should be taken that justice is not smothered by a too slavish adherence to the mere forms and technicalities of procedure." (*Hodgkins* v. *Mead*, 119 N. Y. 166, 171). " All procedure is merely a methodical means whereby the court reaches out to restore rights and remedy wrongs; it must never become more important than the purpose which it seeks to accomplish." (*Clark* v. *Kirby*, 243 N. Y. 295, 303.) Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.