[Civ. No. 8448. Third Dist. Nov. 10, 1954.]

FRANK ACCITO, Respondent, v. MATMOR CANNING COMPANY, INC., Appellant.

Neal Chalmers, Roger Sans, John W. Broad and John A. Busterud for Appellant.

Manwell & Manwell for Respondent.

PEEK, J.—This is an appeal by Matmor Canning Company from an order confirming the award of arbitrators in favor of the complainant Accito, from the judgment entered in

accordance therewith, and from the order denying Matmor's motion to vacate the award.

On December 9, 1952, Accito filed his motion to confirm the award. It was alleged that the motion would "be based upon the agreement, the selection of the arbitrators and the award hereunto attached and made a part hereof and also upon the minutes of the Court." Thereafter Matmor gave timely notice of motion to vacate the award, alleging that it would be made upon the ground that H. D. Zimmer, the arbitrator appointed by Matmor, was disqualified to act and that his participation constituted "misbehavior by which the rights of respondent Matmor Canning Co., Inc. have been prejudiced." Attached to said notice was an affidavit by Zimmer in support thereof. The court issued its order staying all proceedings to enforce the award pending a determination of the motion to vacate. Both motions were argued and submitted, and on the following day the court confirmed the award, entered judgment in favor of Accito, and denied the motion to vacate.

Following the filing of the briefs herein, counsel for Accito moved to augment the record by filing herein the agreement of the parties submitting the matter to arbitration, and copies of the letters selecting the arbitrators. Such action was precipitated by the position now taken by counsel for Matmor who for the first time attacked the action of the trial court in denying its motion to vacate the award, not for the reason stated therein, to wit, "misbehavior" of the arbitrator appointed by Matmor, but for the reason that the motion to confirm did not have attached to it the agreement to arbitrate and the appointment of arbitrators. The motion to augment was opposed by Matmor upon the grounds that none of the documents previously referred to were offered or used at the hearing in the superior court, nor were they filed or lodged with said court as required by rule 12 of the Rules on Appeal. This court granted the motion and referred the matter to the trial court with instructions to take such proceedings as it deemed proper to ascertain what documents, if any, were before the court on the motion to confirm. The transcript of that proceeding which is now before us shows that all of the documents referred to by Matmor were before the court at the time of the hearing on the motion to confirm, and that the court was thoroughly familiar with the contents.

The sole question raised on appeal concerns the procedural requirements of section 1291 of the Code of Civil Procedure.

It is Matmor's contention that since arbitration is a special proceeding, the provisions of said section must be complied with strictly, that such requirements are jurisdictional, and hence any failure to so comply leaves the court without jurisdiction and the order and judgment here attacked must be reversed.

Counsel for Matmor does not contend that the documents before the court on the motion to augment were not true and correct copies of what they purported to be; nor is it contended that Matmor was in any way prejudiced by the action of the arbitrators or by the action of the trial court. The only attack made was that they were not properly authenticated and that it was then too late for them to be received or filed.

Code of Civil Procedure, section 1291, provides in part that, *"The party applying for an order confirming, modifying,* or correcting *an award shall attach to such application copies of the following papers,* to wit: *the agreement; the selection or appointment of the arbitrator or arbitrators* and the umpire, if any; the selection or appointment, if any, of any additional arbitrator or umpire; each written extension of the time, if any, within which to make the award; *and the award."* (Emphasis added.)

It is true, as Matmor contends, this is a special proceeding, and usually strict compliance with the statutory provisions is necessary. But it is also true that—"Statutes relating to arbitration are ordinarily regarded as remedial in nature, and liberally construed." (6 C.J.S. 155.) This is in accordance with the object of such statutes to provide a means of obtaining speedy and final disposition of disputes by arbitrators of the parties' own choice in a quasi judicial manner as a substitute for the formalized and oftentimes expensive court proceeding.

In the New York case of *In re Verly Bldg. Corp.,* 264 App. Div. 885 [35 N.Y.S.2d 891, 892], there was a failure of one of the arbitrators to acknowledge the award at the time it was signed by him; however, the award was acknowledged on the day of the hearing to confirm the same. The court held that:

" 'All procedure is merely a methodical means whereby the court reaches out to restore rights and remedy wrongs; it must never become more important than the purpose which it seeks to accomplish.' "

Furthermore, said the court: " 'In following rules of practice for the due and orderly administration of the law,

care should be taken that justice is not smothered by a too slavish adherence to the mere forms and technicalities of procedure.' "

A like expression is found in the case of *Pleaters & Stitchers Assn.* v. *Davis,* 140 Cal.App. 403 [35 P.2d 401], wherein the court held that statutory provisions for a review of arbitration proceedings are for the sole purpose of preventing the misuse of the proceeding where corruption, fraud, misconduct, gross error, or mistake, has been carried into the award to the substantial prejudice of a party to the proceeding. The design was to avoid useless proceedings and make the practice simple and as speedy as would be consistent with justice.

The augmented record now before this court shows that at the time the order confirming the award was made, all documents specified by section 1291 were before the court. No misuse of the proceedings has been shown, nor has it been contended nor for that matter even suggested that fraud, misconduct, gross error, or mistake was carried to the award and judgment to the prejudice of appellant.

Bearing in mind the purpose of the arbitration act, and reading that statute as a whole, it would appear that the attack made on the jurisdiction of the court to entertain Accito's motion for confirmation in the first instance would be but another example in which justice would be "smothered by a too slavish adherence to the mere forms and technicalities of procedure," and hence would "become more important than the purpose which it seeks to accomplish (*In re Verly Bldg. Corp., supra*), the end result being to completely ignore the very purpose for which such summary proceedings were adopted.

The judgment and order are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied December 2, 1954, and appellant's petition for a hearing by the Supreme Court was denied January 3, 1955.