[Civ. No. 22427.   Second Dist., Div. One.   Feb. 3, 1958.]

M. DANIEL LANG et al., Appellants, v. WESLEY BADGER, Respondent.

Ball, Hunt & Hart for Appellants.

E. O. Leake and J. J. Leake for Respondent.

HERNDON, J. pro tem.*—This appeal is taken from an order confirming an arbitration award. Appellants challenge the validity of the award upon two grounds: (1) That the arbitrators failed to give notice of their hearings to the parties or their attorneys; (2) that the arbitrators exceeded their powers in setting aside a release given to appellants by respondent.

The factual issues were submitted to the trial court upon affidavits. Our review, therefore, is governed by the rule that the affidavits favoring the contentions of the prevailing party establish not only the facts therein expressly stated, but also all facts which reasonably may be inferred therefrom. And when the evidence is conflicting it will be presumed that the trial court found every fact necessary to support its order that the evidence would justify. (*Griffith Co.* v. *San Diego College for Women*, 45 Cal.2d 501, 507, 508 [289 P.2d 476, 47 A.L.R.2d 1349].)

Viewed in this light, the record before us furnishes ample

---

*Assigned by Chairman of Judicial Council.

support for the implied findings of the trial court upon which the order under review presumably was made. We shall state the operative facts chronologically.

The arbitration was conducted pursuant to the provisions of a building contract and a subsequent stipulation executed by the attorneys for the respective parties. The contract, dated September 14, 1953, required respondent Badger as contractor to make certain alterations and additions to appellants' residence. The contract provided that ''as between the parties hereto all questions as to the rights and obligations arising under the terms of the contract, and the plans and specifications are subject to arbitration.''

On February 6, 1954, after he had completed the work of improvement, respondent submitted to appellants his statement showing a balance due him of $6,004.66. Appellants disputed the correctness of this statement. After discussion, the parties agreed upon a compromise figure of $5,773.66. Respondent accepted payment of this amount and over his signature endorsed the statement ''Paid in full.''

Shortly thereafter appellants asserted a claim that respondent had deviated from the plans and specifications and that some of the construction was defective. Respondent contractor then made a counterdemand contending, among other things, that his acceptance of the compromise settlement had been induced by fraud. On May 27, 1954, respondent's attorney addressed to counsel for appellants a letter which has a significant bearing upon appellants' claim that the award of the arbitrators was in excess of their powers and beyond the agreed scope of the submission. This letter refers to earlier exchanges of correspondence between the attorneys relative to this dispute and contains, among others, the following statements:

''At the time of the settlement and release under date of February 6, 1954, to which you refer, Mr. Badger accepted a considerable sum less than was due him, not only in settlement of his claims but in settlement of any claims which Dr. Lang might have. Either that settlement stands as to both parties, or the whole matter is again opened up, and Mr. Badger's claims are again subject to negotiation. My letter of May 3d, to which you refer, was only in response to your letter of April 29th, and the offer to arbitrate at that time was only upon condition that the whole matter be arbitrated. If Dr. Lang desires to stand upon the settlement of February 6th, we will likewise stand upon the settlement.''

The events immediately following the quoted letter of May 27, 1954, are not fully revealed by the record, but it does appear that prior to June 28, 1955, appellants had filed suit against respondent in the Long Beach Municipal Court and that proceedings were pending in the superior court seeking confirmation of an earlier arbitration award which is not involved on this appeal. On June 28, 1955, the attorneys for the parties entered into a formal stipulation: ". . . that any and all disputes which have arisen by reason of that certain building contract dated September 14, 1953, will be submitted to arbitration in accordance with said building contract, the procedures to be followed at said arbitration hearing to be formulated by undersigned. . . ." The stipulation further provided that the pending court proceedings would be held in abeyance until the decision of the board of arbitrators had become final. Thereafter appellants designated a Mr. Frank and respondent designated a Mr. Skelton as arbitrators. Both were duly licensed contractors. During September, 1955, detailed statements of the respective contentions and claims of the parties were prepared by their attorneys and submitted to the two arbitrators.

According to the affidavit of respondent's attorney, E. O. Leake, it was orally agreed between him and George A. Hart, Jr., attorney for appellants, that the arbitrators should go forward with the arbitration in accordance with their own methods of procedure and that the arbitrators should interview the parties and make their investigations without any participation on the part of the lawyers. This understanding was confirmed by Mr. Leake's letter addressed to the firm of Ball, Hunt and Hart, under date of October 5, 1955, reading in part as follows:

"As I stated to Mr. Hart over the telephone, I see no particular reason why we should participate as attorneys in this hearing before the arbitrators. The various contentions of the parties are set forth in the letters above mentioned and the arbitrators can secure such evidence of the parties and witnesses as they desire and allow in whole or in part, or disallow, the items claimed. The arbitrators being practical contractors should have no difficulty deciding this matter."

The affidavits of the two arbitrators indicate that between October 5, 1955, and March 15, 1956, they pursued their investigations, held hearings and received the evidence offered by the respective parties. By letter dated March 16, 1956, Mr. Frank, the arbitrator designated by appellants, informed Mr. Hart that as a result of a meeting of the two arbitrators held

on the preceding day, such differences of opinion had arisen between them as to require the appointment of a third arbitrator.

Under date of March 19, 1956, a letter signed by the attorneys for both parties was addressed to the two arbitrators advising them that in the event of their inability to agree they should appoint a third arbitrator and that the decision of two would be final. The concluding sentence of the letter read as follows: ''Accordingly, you two should appoint a third arbitrator and the board of arbitrators so composed should render its decision, taking any additional evidence, or not, as you may deem advisable or necessary to render a fair decision in the matter.''

Promptly thereafter E. R. McCollum, a licensed contractor, was appointed the third arbitrator. The affidavit of Mr. McCollum filed in support of the award states that the arbitrators heard and considered all evidence offered by the parties, that the arbitrators questioned each of the parties in detail and that no item of evidence offered by appellants Lang was rejected.

On July 31, 1956, the decision and award of the arbitrators was rendered in writing. Certain items of the claims of both parties were allowed and certain other items of each claim were disallowed. The net balance found in favor of respondent was $546.69. Appellants thereafter filed in the court below their application for an order vacating the award, urging the two grounds as above indicated. Respondent filed in the same proceeding his application for an order confirming the award. The matter having been submitted to the trial court upon the affidavits and written briefs filed by the respective parties, the court below entered its order confirming the award.

It is ordinarily necessary to the validity of an award by arbitration, that the interested parties shall have notice of the hearings of the board and a fair opportunity to be heard. (*Curtis* v. *City of Sacramento*, 64 Cal. 102 [28 P. 108]; *Stockwell* v. *Equitable Fire & Marine Ins. Co.*, 134 Cal.App. 534 [25 P.2d 873]; 5 Cal.Jur.2d 101, secs. 27 and 28.) However, where it appears that parties have appeared and participated fully in the proceedings without objection, they cannot afterward attack the award on the ground that no formal notice of the hearings was given. (*Sapp* v. *Barenfeld*, 34 Cal.2d 515, 520 [212 P.2d 233].)

In the instant case there is abundant evidence in the

record to sustain the implied findings of the trial court that appellants by their repeated appearances before the board and by their participation in the proceedings waived any right to formal notice. Most significant in this regard is the letter of March 19, 1956, signed by appellants' attorneys, instructing the two arbitrators to appoint a third and advising the board so composed to *"render its decision, taking any additional evidence or not as you may deem advisable or necessary to render a fair decision in the matter."*

This letter is strongly corroborative of the statements in the affidavit of Mr. Leake to the effect that the attorneys for the parties agreed to permit the arbitrators to proceed precisely in the informal manner that they did in fact follow and without any participation by the attorneys. It is undisputed that appellants appeared and testified at hearings both before and after the appointment of the third arbitrator. Appellants do not assert that they interposed any objection to the methods or procedures of the arbitrators at any time before the award was rendered, nor do they contend that the arbitrators failed to consider any evidence offered by them. The record amply supports the conclusion that appellants were given a full and fair hearing, with unrestricted opportunity to present their evidence and their claims. The applicable rule was stated by the Supreme Court in *Sapp* v. *Barenfeld, supra,* (at p. 520), as follows: " 'If a party appears and participates without objection in arbitral proceedings . . . such party cannot later object to the award . . . on the ground that he did not have notice of the hearing . . . This is true, it was held, although formal notice of the hearing was expressly stipulated for in a submission agreement.' "

Appellants' contention that the award of the arbitrators exceeded their powers is wholly without merit. We think it is clear from our recital of the facts that the parties intended to submit to arbitration the entirety of the controversy existing between them. It is significant that at no time prior to the rendition of the award did appellants interpose the objection that respondent's claim, or any part of it, was beyond the scope of the submission. Indeed we think it would require an utterly unreasonable interpretation of the stipulation for arbitration to hold that the parties intended a one-sided, limited or restricted submission. As stated in *Dugan* v. *Phillips,* 77 Cal.App. 268, at page 279 [246 P. 566] : "Where there is doubt, the presumption is that all matters in dispute were intended to be decided. . . . Technical precision is not required.

either in the submission or the award. The submission and the award will be construed 'with reference to and in view of, all the surrounding facts and circumstances.' Every reasonable presumption is in favor of the award. 'Submissions are to be liberally construed so as to give effect to the intention of the parties.' "

Appellants' argument that it was not within the competence of the arbitrators to go behind the so-called "release" is not persuasive on the basis of reason, nor is it sustained by authority. Appellants repudiated the settlement by their subsequent assertion of an additional claim. Long after respondent had countered with his additional demand, the parties expressly stipulated to arbitrate "any and all disputes which have arisen by reason of that certain building contract dated September 14, 1953."

Under the provisions of section 1281 of the Code of Civil Procedure, the parties may in writing submit "any controversy" to arbitration. (*Crofoot* v. *Blair Holdings Corp.*, 119 Cal.App.2d 156, 181 [260 P.2d 156].) As stated in 5 California Jurisprudence 2d 84, section 9: "Any controversy which the parties agree to arbitrate may be arbitrated. Thus, if the agreement provides that any dispute between the parties as to the amount or validity of any claim 'or as to any other matter concerning the contract' shall be referred to arbitration, questions arising under the contract other than those relating to amount or validity of a claim may be arbitrated. Controversies involving questions of law as well as questions of fact arising out of the contract may be submitted to arbitration."

The order confirming the award is affirmed.

White, P. J., and Fourt, J., concurred.