[Civ. No. 23184.   Second Dist., Div. One.   Dec. 3, 1959.]

RICHARD D. AURANDT, Appellant, v. DAVID HIRE
et al., Respondents.

Fendler & Lerner, Harold A. Fendler and Robert Haves for Appellant.

Bautzer & Grant, Gerald Lipsky and David Leanse for Respondents.

BISHOP, J. pro tem.*—We have concluded that the trial court had no authority either to deny or grant plaintiff's motion to confirm the award in his favor, nor authority to vacate the award on the defendants' motion, and that as a consequence, the orders denying plaintiff's motion and granting defendants' motion should be reversed.

We become more concerned than usual with procedural matters, on this appeal. Beginning with the first steps taken in the trial court, after the arbitration procedures had resulted in an award, we note that the plaintiff filed a notice of motion to confirm the award and enter judgment upon it, and on the same day he filed a petition with the same object in view.

On the part of those named as defendants, in the proceeding, a demurrer to the petition was filed, based on the ground that the court had no jurisdiction of the subject matter of the action. At the same time there was filed a notice of motion to dismiss the petition or, in the alternative, to stay proceedings and to vacate the purported award. Three days later an application for an order to stay proceedings and to vacate the award was filed by the defendants, followed the same day by an order of the trial court staying "all proceedings of Richard D. Aurandt, to enforce said award."

The proceedings did not stay stayed for long, however, for within a week the plaintiff filed an "Amendment to Peti-

*Assigned by Chairman of Judicial Council.

tion to Confirm Arbitration Award and to Enter Judgment in Conformity Therewith." Then, points and authorities in support of the motion to vacate arbitration award were filed, inciting reply points and authorities in support of the award, filed on plaintiff's behalf. The matters were submitted to the trial court, and a week later the trial judge filed a memorandum ruling and made orders accomplishing these results: (1) the demurrer of the defendants to the petition to confirm arbitration award was overruled; (2) the motion to confirm the arbitration award was denied; and (3) the motion of the defendants for a dismissal was denied but the motion in the alternative to vacate the award was granted, and the award of arbitration was vacated. The plaintiff filed a notice of appeal from orders (2) and (3).

Shortly after this appeal there was filed a signed order, first, vacating the award of the arbitrators, then denying the petition for an order confirming the award. This order, we discovered by inquiring of the clerk of the trial court, was entered in his judgment book. Our inquiry was prompted by the fact that shortly after the events we have noted, the plaintiff filed a new notice of appeal, this time referring to "the judgment . . . entered on the 7th day of November," and no document called a judgment could be found in the record on appeal.

Basically, the main contention of the defendants has been that the trial court had no authority to confirm the award, in this case, whether the proceeding to accomplish that purpose was initiated by motion or by the filing of a petition. By way of countering this contention the plaintiff argues that the authority needed is to be found in at least one of these three places: (1) section 1281 of the Code of Civil Procedure; (2) section 1287 of the same code; and (3) the inherent power of the court as a trial court of general jurisdiction.

■■■ Preliminarily we repeat that which we said in *Firestone Tire & Rubber Co.* v. *United Rubber Workers of America* (1959), 168 Cal.App.2d 444, 451 [335 P.2d 990] : "The policy in this state is to favor arbitration. [Citing cases.]" Sympathetic as we are with the policy, we feel constrained, nevertheless, to interpret the code provisions as they are written, without enlarging them to fit cases that they do not embrace.

Sections 1280 to 1293 comprise title IX, on arbitration, in part III of the Code of Civil Procedure, the part dealing with special proceedings. A better understanding of the particular passages we shall have to consider may be gained by

noting the background setting furnished by a few other provisions in title IX. Section 1280 declares two types of contract provisions valid: (1) one to settle by arbitration a controversy *thereafter* arising; and (2) another to submit an *existing* controversy to arbitration. Section 1286 provides: "Except in contracts that fall within the scope of the United States arbitration act of 1925, any arbitration had under authority of an arbitration clause in any contract, shall be held within the State of California, unless all parties to such contract, after the controversy arises, agree in writing that the arbitration be held elsewhere." Later in the section authority is given the superior court of the county "in which the arbitrators are sitting" to direct depositions to be taken, upon the petition of the arbitrators.

In section 1281 (referred to above) we find plain limitations upon its scope that render it valueless as a source of the authority needed for plaintiff's proceedings in the trial court. We add emphasis to the words we find decisive: "Two or more persons may submit in writing to arbitration any controversy *existing* between them at the time of the agreement to submit, which arises out of a contract or the refusal to perform the whole or any part thereof or the violation of any other obligation. They may also so agree that a judgment of a court of record, *specified in writing,* shall be rendered upon the award, made pursuant to the submission. If the court is thus specified they may also specify the county in which the judgment shall be entered. *If* the writing does *not specify,* the judgment may be entered in the superior court of the *county* or city and county *in which said arbitration was had.*"

Section 1281, limited as it is, affords the plaintiff no platform on which to stand, for two reasons. In the first place, the parties before us did not submit to arbitration "any controversy existing between them at the time of the agreement to submit." The written agreements to submit on which the plaintiff relied, both in his petition and in support of his motion, were entered into long before the controversy arose, which was the matter arbitrated. Moreover, in the written agreements, no court was specified which could enter a judgment upon any award. In this connection, we note the pertinent words used in the agreements: "It is expressly agreed by all parties hereto that, pursuant to Section 1647.5 of the Labor Code of California . . . all controversies arising out of this contract . . . shall be submitted to [be] heard

arbitrated and determined by the International Executive Board of the American Federation of Musicians, pursuant to and in accordance with the laws, rules and regulations of the said Federation and its rules applicable thereto. . . ." This is the provision in the "laws, rules and regulations of the said Federation" to which plaintiff directs our attention: "The court of the State of New York and of the state in which any party to such submission resides shall have jurisdiction over such parties to the adjudication in reference to any matter arising out of any adjudication held pursuant thereto, including but not limited to the confirmation of the award. . . ." Giving this language the interpretation most favorable to plaintiff possible, it refers to the superior courts of this state, but it certainly does not *specify* any one of the state's 58 superior courts.

As "the writing does not specify," therefore, section 1281 authorizes "the judgment" to be entered in the superior court of the county "in which said arbitration was had." But the award the plaintiff seeks to have confirmed was not the result of arbitration "had" in Los Angeles County. ▮ True, evidence was taken here, which was forwarded to the arbitrators, but surely no arbitration takes place without action by the arbitrators, and no arbitration can be said to have been "had" until the arbitrators consider the matters involved in the controversy submitted to them, determine the issues, and make an award. This was not done in Los Angeles County. Its superior court was not that of the county "in which said arbitration was had."

Much of what we have just said applies to the contention that sections 1287 et seq. of the Code of Civil Procedure give the trial court the needed authority. In section 1287 we find the same built in limitation that we found in the last sentence of section 1281. We read: "At any time within three months after the award is made . . . any party to the arbitration may apply *to the superior court of the county . . . in which such arbitration was had for an order confirming the award* . . ."

Twice more we find these limiting words employed in the two sections following section 1287. Section 1288 states the cases in which the superior court of the county "in which said arbitration was had" may vacate the award, and section 1289 gives the instances which the court, identified in the same way, may modify or correct the award. ▮ With respect to the trial court's order vacating the award (first appearing in the minutes, then in the formal order entered in the judg-

ment book) we note that section 1281 does not authorize any court to make an order confirming, vacating or modifying an arbitration *award,* except as the authority given to enter judgment upon it implies confirmation, which authority can not be expanded to cover an order vacating an award. Neither section 1281 nor section 1288, therefore, authorizes the order under review which vacates the award in plaintiff's favor.

Turning now to the third possible source of the authority that must exist if plaintiff should have had his award confirmed in this proceeding, we find these general statements. In its article of Arbitration and Award (16 C.J.S., at p. 268) that work opens section 124 with these words: "The ordinary common-law remedy by which the affirmative enforcement of an award can be obtained is by an action at law upon the award; and it is usually held that an award may be enforced in this manner although some other remedy is also available." Similarly we read in 3 American Jurisprudence, at page 973: "In general, a foreign award will be enforced on the same basis as a contract or judgment"; and, "An action at law on the award is the proper method of enforcing a foreign award, even where the entry of summary judgment is permitted upon awards rendered pursuant to the laws of the forum. [Citing *Gilbert* v. *Burnstine,* 255 N.Y. 348 (174 N.E. 706, 73 A.L.R. 1453).]"

It may be, therefore, that the plaintiff had, and perhaps still has, the right to maintain an action at law based on the award in his favor. (See *Kerr* v. *Nelson*[1] (1936), 7 Cal.2d 85, 87-88 [59 P.2d 821, 822-823].) That which we are reviewing was not such an action. Certainly his motion for an order confirming the award was not an action at law. Even the "petition" was not inconsistent with the statutory, summary, proceeding authorized by title IX. (*Pleaters & Stitchers Assn.* v. *Davis* (1934), 140 Cal.App. 403, 406 [35 P.2d 401, 402].) Calling his opening pleading a "petition" rather than a "complaint" would doubtless be an irregularity that would be overlooked, had he thereafter proceeded as though he were maintaining an ordinary action. But no subsequent step—other than the filing of the demurrer by the defendants and the amendment of the petition—was characteristic of an action at law. The defendants filed no answer to the petition. No witnesses were ever called nor trial had, but the issues were submitted to the trial court on affidavits, as

---

[1] Findings of fact and conclusion of law stamp this case as an action at law (or equity) not as a summary proceeding.

would be proper were motions involved, but not proper where issues are framed for the trial of an action at law. Findings were not made, filed, nor waived, as would be necessary in an ordinary action in the superior court.

Assuming, further, that an action in equity would lie to set an award aside for fraud, or other reason, again we must conclude that the proceeding under review was just not such an action. This is so for the reasons advanced with respect to plaintiff's petition and for the added reason that the defendants did not file even the pretense of a "cross-petition."

We are still left with the puzzle of what to do. It would be unfair to the plaintiff, should he wish to bring an action on his award either in this state or elsewhere, or to prosecute the action begun by his petition in this state, to leave outstanding the order, or judgment, vacating that award. In view of our determination that the trial court should not, in this proceeding, have affirmed the award, it would seem to matter little to the plaintiff what we did to the order, or judgment, that withheld confirmation. But if, as is said to be the case in *Robinson* v. *Superior Court* (1950), 35 Cal.2d 379, 382-383 [218 P.2d 10, 13], "the order denying the motion to confirm the award, while not a decision on the merits, may be treated, for purposes of appeal, as being equivalent to an order vacating the award," to affirm the orders might be construed as approval of the vacation of the award.

We, therefore, reverse the order entered in the minutes denying plaintiff's motion to confirm the award, with directions to the trial court to dismiss the motion. We reverse the order, entered in the minutes, vacating the award, and the order that was filed and entered in the judgment book in its entirety.

Wood, P. J., and Fourt, J., concurred.