[Civ. No. 6276. Fourth Dist. Oct. 31, 1960.]

ROBERT W. GOOSSEN et al., Respondents, v. ART F. ADAIR, Appellant.

Donald Dungan and Harwood, Heffernan & Soden for Appellant.

Lester Van Tatenhove, Rod Earl Lippold and Fred M. Cross for Respondents.

McMURRAY, J. pro tem.*—This is an appeal from a judgment confirming an arbitration award. Respondents and appellant are realtors who became involved in a dispute over the division of a broker's commission which it was anticipated

*Assigned by Chairman of Judicial Council.

would be paid appellant as the result of a sale of industrial real property then in escrow. Respondents, by letter, requested an arbitration of the dispute by the Arbitration Committee of the Newport Harbor Board of Realtors (of which appellant and respondent Goossen were members), requesting a determination of the dispute and that appellant be required to take the action necessary to have respondents added to the commission statement in the escrow instructions.

The appellant, by letter dated June 30, 1958, answered the arbitration request, raised some questions, and stated ". . . but in view of the request I will be guided by the decision of the Arbitration Committee." Thereafter the committee met, held a hearing and decided on July 3, 1958 that any commissions received by appellant ". . . should be split fifty-fifty with Bob Goossen after the five percent is paid to the Industrial Committee of the Newport Harbor Board of Realtors." This decision was signed by the members of the committee and a copy thereof was transmitted to appellant under date of July 9, 1958. The signatures thereon of the signatory committee members were thereafter acknowledged on October 1, 1958.

By letter to the president of the Newport Harbor Board of Realtors, dated July 15, 1958, appellant expressed dissatisfaction with the decision of the arbitration committee; alleged that he had been prejudiced by being served with an amplified complaint to which he had been unprepared to make an adequate presentation at that time; contended, as he had previously, that respondents could not be considered the listing brokers as there was no signed listing; and requested a new hearing ". . . preferably by the Board of Directors themselves, with the exclusion of Robert W. Goossen and myself."

On July 16, 1958, a meeting of the board of directors was had with appellant present, whereat the president of the board of directors, acting under the abovementioned letter, agreed to grant a new hearing by the board of directors of the arbitration. At this meeting it was stated that three other persons would sit in the place of three directors who had participated in the first arbitration hearing—these directors were appellant, respondent Goossen and one Art Kistler, who was chairman of the arbitration board at the July 3, 1958, hearing. An opportunity to challenge any of the named replacements or directors was afforded, but no challenge was entered by anyone.

On July 21, 1958, appellant and respondents both signed

separate agreements to abide by the decision of the board of directors in their hearing of the arbitration. On July 21, a hearing was held by the board of directors and under date of July 22, 1958, the president of the Newport Harbor Board of Realtors signed a letter which reads in part:

*"Bay & Beach vs. Art Adair*

"Dear Sirs:

"After considering all the evidence presented in this special hearing on the above Arbitration . . . the belief of the Board of Directors is that:

"1—An agreement had been established by the Industrial Committee regarding Sub-Listings.

"2—The Industrial Committee had accepted this as a Sub-Listing.

"3—Art Adair had ample opportunity to uphold his position.

"Therefore, our decision is that the following Commission split be made:

"5% of any Commissions received by Art Adair be paid to the Industrial Committee.

"50% of the remainder to Bay & Beach.

"Balance to Art Adair."

In addition to the president's signature, the letter was attested by the secretary of the board. The president's signature on this letter was thereafter acknowledged on October 1, 1958.

Respondents had, on July 10, 1958, filed a civil action against appellant embracing the same subject matter as was arbitrated and had attempted to garnishee any money owing appellant by the title company handling the escrow. On July 30, 1958, the writ was returned unsatisfied. Respondents filed this proceeding to confirm the award in the Superior Court of Orange County and appellant filed on November 7, 1958, an instrument entitled "Answer, Objection and Motion to Vacate or Strike Application for Order Confirming Arbitration Award" and on the same date filed a "Cross Complaint for Declaratory Relief" which was subsequently demurred to generally by the cross-defendants named therein who also filed a "Notice of Motion for Order to Stay and to Dismiss Cross-Complaint and for Summary Judgment with Points and Authorities." Numerous points and authorities, affidavits and letters are found in the files of the court.

The court confirmed the award, but modified it on its own motion by striking therefrom the requirement that 5 per cent of the commission be paid to the Board of Realtors.

Appellant contends that since the proceedings did not comply with the applicable bylaws of the Newport Harbor Board of Realtors or the laws of the State of California, the decision of the board should not be confirmed as a statutory arbitration under Code of Civil Procedure, sections 1280 to 1293.

The appellant's position, insofar as it is directed to noncompliance with the bylaws of the Newport Harbor Board of Realtors, is not well taken. The original hearing on July 3, 1958, was held under the authority of the bylaws, but, appellant, by his own positive act in requesting and obtaining a new hearing of the matter, caused a new arbitration hearing other than under the bylaws and by other persons than those designated in the bylaws to be held.

The board of directors, by acceding to appellant's request in this respect, was not acting under the bylaws of the Newport Harbor Realty Board, but acted as statutory arbitrators. That they might so act would appear settled.

In *Robinson* v. *Superior Court,* 35 Cal.2d 379, at page 387 [218 P.2d 10], it is said:

"Under the Code of Civil Procedure parties may agree to name a single arbitrator, and there is no restriction as to what persons may act in that capacity. (Code Civ. Proc., §§ 1283, 1286.) The sole requirement for a valid and enforceable arbitration agreement is that it must be in writing and must not apply to disputes arising out of contracts 'pertaining to labor.' (Code Civ. Proc., § 1280.)"

Also, in *Jannis* v. *Ellis,* 149 Cal.App.2d 751 [308 P.2d 750], where, after an original award was made by arbitrators, the parties requested and obtained a clarification of that award, the court said, at page 753:

"Arbitration is predicated on the voluntary agreement of the parties, and the arbitrators derive their powers from the agreement. (*Crofoot* v. *Blair Holdings Corp.,* 119 Cal.App.2d 156, 184 [260 P.2d 156].) Generally when the arbitrators have delivered their award they are said to be *functi officio.* Their powers and duties under the submission are terminated unless the parties resubmit the matter to them. (Sturges, Com. Arbitration and Awards, 510, § 220.) The parties may agree on further action by the arbitrators as a continuation of the original submission."

Further on in the same page, it is said: "It is of

course competent for the parties to alter the terms of the submission even after the original award is delivered, and to enlarge the powers of the arbitrators.''

If the parties can so alter and continue an arbitration, there would appear to be no reason why they could not, by their voluntary act, abandon one arbitration proceeding and proceed with a new proceeding covering the subject matter embraced in the abandoned proceeding.

The agreement to arbitrate is in writing. Admittedly, it is not contained in a single document but appears to be adequately set forth by reading all of the documents in the file. The various documents that were signed after July 3, 1958, the date of the first award, comprise the valid written submission of the controversy to the members of the board of directors and the persons appointed to sit with them. These documents are the following: the decision of July 3, 1958, the letter from appellant dated July 15 requesting another hearing by the board of directors, the letter from respondent Bay and Beach Realty, Inc., dated July 17, 1958, agreeing to submit the dispute to arbitration by the members of the board of directors on condition that appellant agree in writing to abide by the result, and the two letters of July 21, 1958, attached to the application, whereby all parties unconditionally agreed to abide by the decision of the members of the board of directors.

By his attendance at the board of directors meeting on July 16, 1958, at which he failed to challenge the appointment of persons other than members of the board of directors to sit as arbitrators, and by his participation in the hearing on July 21, 1958, without objecting to said persons' acting as arbitrators, appellant must be deemed to have waived any irregularities in the appointment of the arbitrators or on their proceeding with the matter before them. In *Lang* v. *Badger*, 157 Cal.App.2d 345, 349 [320 P.2d 906], it is said:

''. . . where it appears that parties have appeared and participated fully in the proceedings without objection, they cannot afterward attack the award on the ground that no formal notice of the hearings was given. (*Sapp* v. *Barenfeld*, 34 Cal.2d 515, 520 [212 P.2d 233].)''

No persuasive reason appears why a like rule does not apply to the point urged by appellant as to any irregularity in the appointment of the persons who here acted as replacements for the three directors. Appellant makes some complaint as to Art Kistler, a director, not sitting with the board of direc-

tors in this second arbitration, but his failure to sit would rather indicate fair dealing than prejudice to the appellant. In any event, appellant failed to object to his failure to sit and cannot do so now.

Appellant also contends that there was no existing controversy between the parties at the time of the arbitration and cites (*Aurandt* v. *Hire*, 175 Cal.App.2d 758 [346 P.2d 800]. This was a case where the trial court confirming an arbitration award did not have jurisdiction thereof. His argument is to the effect that respondents' attempt to share in the commission was abortive since no fund existed at the time and no commission was yet earned as the sale had not closed, and that since under the cited cases no litigation can be commenced to obtain a share in the commission until a commission fund is in existence, no arbitration proceeding can be commenced until a commission fund is in existence.

Code of Civil Procedure, section 1280, provides in part for the submission of ". . . an existing controversy to arbitration."

That a controversy existed here seems apparent. As said in *Crofoot* v. *Blair Holdings Corp.*, 119 Cal.App.2d 156, at page 182 [260 P.2d 156]:

"The statute is made applicable to all agreements in writing to submit to arbitration 'any controversy . . . which arises out of a contract or the refusal to perform the whole or any part thereof or the violation of any other obligation.' (Code Civ. Proc., § 1281.) Thus the statute, extending as it does to the violation 'of any other obligation,' clearly includes tort liabilities. Moreover, even if the statute were limited to disputes 'arising out of a contract,' which it is not, the present controversy certainly involves a dispute that 'arises out of a contract.' There is no requirement that the cause of action arising out of a contractual dispute must be itself contractual. At most, the requirement is that the dispute must arise out of contract. That is certainly true here. There is no merit to the point."

 When it is remembered that an award was affirmed allowing a payment contingent in amount to be made upon a future date (*Peebler* v. *Olds*, 56 Cal.App.2d 8 [132 P.2d 233]), appellant's argument as to the contingent aspect of the controversy here fails. Respondents' requests for arbitration all seek to have the then existing escrow instructions amended to secure them their share of any commission which might become due, and, alternatively, that in the event said commis-

sion be paid before the termination of the arbitration, they be declared to be entitled to their share thereof. Appellant, in effect, denies their right to any commission, and further denies that any commission is then due. This state of the record clearly discloses an "existing controversy" as to the parties' rights, whether or not a commission fund then existed.

There is no doubt that real estate brokers may make valid and enforceable oral contracts for the division of commissions between themselves and that the provisions of Civil Code, section 1624, subdivisions 4 and 5, and Code of Civil Procedure, section 1973, subdivision 5, requiring agreements authorizing or employing an agent or broker to sell real estate to be reduced to writing, are for the protection of real estate owners against unfounded claims of brokers; and were never intended to be applied to contracts between brokers agreeing to share commissions. (*Johnston* v. *Porter*, 21 Cal.App. 97 [131 P. 69].) In any event, as was pointed out in *Crofoot* v. *Blair Holdings Corp.*, *supra*, 119 Cal.App.2d 156 [260 P.2d 156], in discussing the question as to whether or not another section of the Statute of Frauds had been disregarded by the arbitrators, it is said at page 189: "At any rate, this too was a question of law, within the power of the arbitrator to decide and therefore his determination is conclusive."

Appellant contends that the award is fatally deficient in that it was not signed by all the arbitrators or acknowledged or proved in like manner as a deed for the conveyance of real estate and delivered in such form as is required by Code of Civil Procedure, section 1287. He cites *Moore* v. *Griffith*, 51 Cal.App.2d 386, 387 [124 P.2d 900], for the proposition that a faulty execution of an award deprives it of evidentiary value. There it appears that a dissent was filed by one of the three arbitrators and was acknowledged ". . . but it was not made under oath" and the trial and appellate courts refused to consider ". . . the unverified dissenting opinion . . ." as it had no evidentiary value. Apparently there was some requirement in that arbitration that an award be verified; there is no such requirement here.

Appellant argues that the award, signed as it was by only the president of the board of directors, was only some sort of notice that a decision had been reached, but was not regarded by appellant as an award. The fact that appellant attempted by petition to thereafter have the board of directors declare the arbitration proceedings invalid shows that he knew an

award had been made. In this aspect of the case, appellant again urges that the failure to conform to the bylaws of the Newport Harbor Board of Realtors rendered the entire proceedings invalid. As has been heretofore pointed out, the arbitration proceeding before the supplemented board of directors was not held under the bylaws but was in fact a statutory arbitration requested by appellant.

The fact that the letter award from the president was not acknowledged before delivery to appellant does not prejudice him. It was subsequently so acknowledged and was considered as valid by the trial court. It further fully informed appellant of the outcome of the arbitration hearing. The requirement of Code of Civil Procedure, section 1287, is merely that the award be ". . . acknowledged or proved in like manner as a deed for the conveyance of real estate." A deed is recordable or admissible in evidence even though the signatures of all grantees are not acknowledged or are not validly acknowledged. (*Spect* v. *Gregg*, 51 Cal. 198; *Murray* v. *Tulare Irrigation Co.*, 120 Cal. 311 [49 P. 563, 52 P. 586].) Furthermore, a deed may be valid though not acknowledged and the lack of acknowledgment does not render it void. (*Williston* v. *City of Yuba City*, 1 Cal.App.2d 166 [36 P. 2d 445].)

In *Riley* v. *Pig'n Whistle Candy Co.*, 109 Cal.App.2d 650 [241 P.2d 294], the court disregarded a contention that the award was not acknowledged and affirmed the confirmation of the award.

In *Griffith Co.* v. *San Diego College for Women*, 45 Cal.2d 501, at pages 508 and 509 [289 P.2d 476, 47 A.L.R.2d 1349], it appears that an acknowledgment was defective, having been affixed before the signing of the award. The court nevertheless recognized the award. As is said in that case at page 516:

". . . the merits of the controversy between the parties are not subject to judicial review (*Pacific Vegetable Oil Corp.* v. *C.S.T., Ltd., supra,* 29 Cal.2d 228, 233 [174 P.2d 441]). 'It must be presumed "That all matters within . . . a submission to arbitration were laid before the arbitrators and passed upon by them." [Citation.]' . . . Further, 'Under the 1927 statute, it is well settled that both before the superior and appellate courts every intendment of validity must be given the award and that the burden is upon the one claiming error to support his contention.' "

 The fact that most of the arbitrators here were

the members of the board of directors and the others were members of the Newport Harbor Board of Realtors explains the signing of the award by their president and secretary.

As business men customarily dealing with matters of this kind through corporate procedures, it is understandable that they might regard the signatures of their president and secretary as a proper method of evidencing their final act—the making of their award. Nowhere in his briefs does appellant make any attempt to show any evidence of corruption or lack of good faith on the part of the arbitrators, or in the award itself, or that the award was not in fact that of the arbitrators. In this state of the record some significance could well be attached to the fact that appellant made no move to vacate the award within 90 days after its rendition as required by Code of Civil Procedure, section 1290.

 Providing as it does that the award be ". . . acknowledged or proved in like manner as a deed for the conveyance of real estate," Code of Civil Procedure, section 1287, would allow the proof of execution of an award not acknowledged, provided it were possible under the provisions of Civil Code, section 1195:

". . . 1. By the party executing it, or either of them; or

"2. By a subscribing witness; or,

"3. By other witnesses, in cases mentioned in section 1198."

Where, as here, the evidence before the trial court is by affidavit, the award is sufficiently proved independently of the acknowledgment.

 Appellant also urges that by filing a civil action and attempting garnishment, respondents elected a remedy other than arbitration and are bound thereby. They cite *Steiner* v. *Rowley,* 35 Cal.2d 713 [221 P.2d 9]. Assuredly, where one pursues a remedy in a legal proceeding wherein several theories of action are set forth, he will be deemed to have waived any tort action where attachment is had in aid of an action on contract. This is not to say, however, that arbitration is barred by the filing of a legal action. Indeed, many arbitrations are held to settle pending legal actions. (*Squire's Dept. Store* v. *Dudum,* 115 Cal.App.2d 320 [252 P.2d 418]; *Crofoot* v. *Blair Holdings Corp., supra,* 119 Cal. App.2d 156 [260 P.2d 156]; *Gerard* v. *Salter,* 146 Cal.App.2d 840 [304 P.2d 237].) It does not appear that appellant was prejudiced in any way by the filing of the action or the unsuccessful attempt at garnishment therein, nor did respondents gain any advantage thereby.

822

▮▮▮▮ Respondents urge that appellant's motion to vacate contained in his answer was never before the trial court, since it was not timely filed in accordance with Code of Civil Procedure, section 1290, which requires such motion to be served on the adverse party within three months after an award is filed or delivered.

It would appear to be overly artful to deprive a party to a legal proceeding of a hearing because, after his adversary has commenced such proceedings, his traverse or answer thereto is not within some statute of limitation that may have expired after the filing of the proceeding. The analogy to the tolling of the statute of limitation with regard to counterclaims when a limitation period expires before the filing of the counterclaim, but after the filing of the principal action (*Jones* v. *Mortimer,* 28 Cal.2d 627 [170 P.2d 893]) offers a better rule than that urged by respondents. ▮▮▮▮ The trial court, by striking the provision in the award requiring the payment of 5 per cent to the Industrial Committee of the Newport Harbor Board of Realtors, acted properly, as that matter was not a matter submitted to the arbitrators for their decision, and it is elementary that they cannot act on matters not submitted to them.

▮▮▮▮ Arbitration proceedings by voluntary act of the parties are favored by the courts of this state and all that is necessary to support an award is substantial compliance with the statutes applicable. (*Puccinelli* v. *Nestor,* 145 Cal.App. 2d 48 [301 P.2d 921].) ▮▮▮▮ The arbitration statutes are remedial in nature and are to be liberally construed (*Accito* v. *Matmor Canning Co., Inc.,* 128 Cal.App.2d 631 [276 P.2d 34]); submission agreements are also liberally construed (*Lang* v. *Badger, supra,* 157 Cal.App.2d 345 [320 P.2d 906]); and every reasonable intendment favors the validity of an arbitration award. (*Crofoot* v. *Blair Holdings Corp., supra,* 119 Cal.App.2d 156 [260 P.2d 156]; *Popcorn Equipment Co.* v. *Page,* 92 Cal.App.2d 448 [207 P.2d 647]; *Pacific Vegetable Oil Co.* v. *C.S.T., Ltd., supra,* 29 Cal.2d 228 [174 P.2d 441].) ▮▮▮▮ The merits of the dispute are not reviewable by either a trial or an appellate court (*O'Malley* v. *Petroleum Maintenance Co.,* 48 Cal.2d 107 [308 P.2d 9]; *Pacific Vegetable Oil Co.* v. *C.S.T., Ltd., supra,* 29 Cal.2d 228 [174 P.2d 441]; *Crofoot* v. *Blair Holdings Corp., supra,* 119 Cal.App.2d 156 [260 P.2d 156]; *Griffith Co.* v. *San Diego College for Women, supra,* 45 Cal.2d 501 [289 P.2d 476, 47 A.L.R.2d 1349]) and it is presumed that all issues in the dispute were heard and

decided by the arbitrators and that the award will not be set aside unless prejudice to a party is shown. (*Popcorn Equipment Co.* v. *Page, supra,* 92 Cal.App.2d 448 [207 P.2d 647].)

The procedure followed in this matter should not be regarded as a model for future arbitration proceedings, but a fair examination of all the proceedings had shows no prejudice to appellant.

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.